(87 Hun, 483.)

## NATHAN et al. v. HENDRICKS et al.

### In re BAER.

(Supreme Court, General Term, First Department. June 14, 1895.)

WILLS—CONSTRUCTION—CONTINGENT REMAINDER.

Testatrix devised certain property in trust for her daughter, and directed the trustees, on the death of the daughter, "to transfer, convey and set over all and singular the same, my real and personal estate, so left in trust, to the children and lawful heirs of my brother H., deceased, to share and share alike, per stirpes." *Held*, that the heirs of H. took a contingent remainder, which did not vest until the termination of the life estate of testatrix's daughter.

Appeal from special term, New York county.

Action by Frances Nathan and others against Edmund Hendricks and others for partition of land devised by the will of Charlotte Gomez, deceased. The property was sold under an order of court, and one Morris B. Baer became the purchaser, and now seeks to be relieved of his purchase. From an order denying his motion, he appeals. Affirmed.

The paragraph of the will of Charlotte Gomez by which the land in question was devised is as follows:

Fourthly. In case my said daughter Matilda should survive her sister Emeline, my said daughter Emeline dying and leaving no child or children or their issue descendants of her body her surviving, I bequeath and devise the real and personal property hereinbefore devised and bequeathed to be held in trust for my said daughter Emeline by my said executors to my said executors to be held in trust to apply the rents, income, dividends and profits of all and singular the same to the support, maintenance, wants and necessities of my said daughter Matilda during her natural life, and after her decease to transfer, convey and set over all and singular the same, my real and personal estate, so left in trust, to the children and lawful heirs of my brother Harmon Hendricks, deceased, to share and share alike, per stirpes; saving and reserving, however, both from this last bequest and devise in trust for the use of my daughter Matilda and the children and heirs of my brother Harmon Hendricks, in case my daughter Emeline should by her last will or other lawful direction dispose of the sum of $5,000 to be paid out of my said estate so held in trust after the decease of my said daughter Emeline to such person or persons as she may deem proper.

The opinion of Mr. Justice INGRAHAM, at special term, is as follows:

I fully appreciate the strength of the purchaser's position,—that the court should never compel a purchaser of real estate at a judicial sale to complete his purchase unless the title furnished to him is one free from reasonable doubt, so that he can get a marketable title. But as this question is purely a legal one, which depends upon the construction of the will under which the parties to this action claim, it seems to me that it would be for the interests of both parties to have the title settled on this motion. The only question involved is whether or not the defendants, being the descendants and lawful heirs of the testatrix's brother Harmon Hendricks, took a vested remainder in the real estate described in the fourth clause of the will, so that it passed to their devisees or heirs at law, or whether the remainder was contingent, to be divided among the lawful heirs of Harmon Hendricks at the time of the determination of the life estate. There is a general rule in this state, which is well settled, that where "the only gift is in the direction to pay or distribute at a future time the case is not to be ranked with those in which the payment or distribution only is deferred, but is one in which time is of the essence of

the gift. * * * In such cases, until the happening of the future event, it must necessarily remain uncertain whether a gift would exist at all, and that could not be said to have vested which was not certainly given." Smith v. Edwards, 88 N. Y. 104. In Goebel v. Wolf, 113 N. Y. 412, 21 N. E. 388, the rule is stated as follows: "In harmony with this general rule, another general proposition has been formulated, that, where the only gift is found in a direction to divide at a future time, the gift is future, and not immediate; contingent, and not vested." The case of Delaney v. McCormack, 88 N. Y. 174, is in point. There the testator gave his real estate to his son for life, and in fee in case his son married and had issue. If his son died without lawful issue, the will directed the executors to sell the real estate and distribute the proceeds among the testator's next of kin. It was held that the proceeds of the real estate were to be distributed among those who were such at the time of the distribution, and that the devise was contingent. In this case the real estate was devised to the trustees, to receive the rents, income, and profits, and pay the same to her daughter Emeline, and in case she should die, leaving lawful issue, then to grant and convey the said real and personal estate to such issue. The bequest was therefore contingent upon Emeline dying without issue. Emeline lived until 1885, and then died without issue. Matilda survived her, and died in 1893. It is clear that during Emeline's life the devise was contingent. It was uncertain whether or not the land would go to her issue, and what was said by Finch, J. (Delaney v. McCormack, supra), applies to this case: "Here a future condition or contingency attached to the substance of the gift. It was conditioned upon the death of James [Emeline] without having had lawful issue, so that the vesting was plainly postponed and the gift was future." Upon the death of Emeline without issue, the trustees were to hold the property in trust for Matilda, and upon Matilda's death they were to convey and set over said property to the children and lawful heirs of the testatrix's brother. There are here no words of gift to the heirs of Harmon. On the contrary, the whole fee is vested in the trustees, and the only provision is that after the death of Matilda they are to transfer, convey, and set over all the real and personal estate so left in trust to the children and lawful heirs to the testatrix's brother Harmon Hendricks. I think that under this provision of the will the remainder was contingent, and did not vest until the termination of the life estate. I think, therefore, the motion should be denied. The question, however, is not free from doubt; and, under the circumstances, I will grant a stay of proceedings pending appeal to the general term, so that the question can be passed upon at the general term during the June term.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Townsend Wandell and Thomas W. Butts, for appellant.

Edgar J. Nathan, for respondents.

PER CURIAM. Order affirmed, with costs, on opinion of the court below.