FARGO et al. v. SQUIERS et al.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

TESTAMENTARY POWERS—EXECUTION—SUSPENDING POWER OF ALIENATION.

By his will, a testator created a power of appointment in his daughter, to direct by her will a distribution of personal property held in trust for her, but provided for its distribution in case of her intestacy. By her will, the daughter expressly declared an intention to execute the power, and directed the executors to divide the property into four equal parts, and to hold one of such parts for the use of each of the four children of her sister, wife of S., in trust. None of these children had been born at the death of testatrix's father, and could not take under the execution of the power unless absolute ownership vested in them at the death of the testatrix, under 1 Rev. St. p. 773, § 1, and page 737, § 129, which forbid the suspension of the absolute ownership of personalty beyond two lives in being at the death of the testator, and apply to an appointee under an instrument in execution of a power the same disqualification as would exist if he were taking under the instrument which created the power. The will further provided that the parts should be so held in trust till the children should, respectively, reach the age of 25 years, when half of the funds should be paid to the beneficiaries, and the other half at the age of 30 years, and that, in case of certain contingencies, the funds should descend to the beneficiaries' issue, or, finally, to certain of the testatrix's nieces, therein named. *Held*, that the intent of the testatrix was to suspend the absolute title till the children reached the specified ages, and that the execution of the power was therefore invalid, because in violation of the statutes.

Appeal from special term, New York county.

Action by James C. Fargo, Charles Fargo, and Franklin D. Locke, as executors of and trustees under the will of William G. Fargo, against Herbert G. Squiers and others, for a construction of the will of their testator's daughter Georgia Fargo, and the determination of the validity of her exercise of the power of appointment conferred on her by her father's will, as to one-third of his residu-

ary estate.  From a judgment declaring the execution of the power invalid, defendants appeal.  Affirmed.

The action was brought by plaintiffs, as executors and trustees under the will of William G. Fargo, to procure a construction of the will of Georgia Fargo, which attempted to exercise a power of appointment given her under the will of William G. Fargo, and a judicial determination as to the validity of the attempted exercise of such power.  The provision of the will of William G. Fargo creating the power of appointment was, in brief, as follows: "Upon the death of my said daughter Georgia Fargo the principal sum held in trust for her shall be paid and distributed by my executors as she shall by her last will and testament direct.  But, if my said daughter shall die intestate, then, if she leaves issue her surviving, said principal sum shall be at once distributed to such issue.  If she die intestate leaving no issue her surviving, then my executors shall distribute the said principal sum to my heirs at law then living," etc.  By the will of the daughter Georgia Fargo, she stated her intention to direct the payment and distribution by the executors of her father's will of the sum held in trust for her under such will, and to execute each and every power of appointment vested in her by such will, and then provided, in substance: "(13) I give and bequeath all such property to my executors, in trust to divide the same into four equal parts, and to hold one of such parts for the use and benefit of each of the four children of my sister, wife of Squiers, in trust:  (a) To accumulate the income from each share until the beneficiary thereof shall be twenty-one (21) years old, or until the death of such beneficiary.  Before that time the accumulation to belong absolutely to such beneficiary, and to be paid over to him on arriving at majority, or to his estate in case of his death before that time, free from any trust whatever. (b) After the beneficiary attains the age of twenty-one (21) years, and until he arrives at the age of twenty-five (25) years, the income to be paid annually to the beneficiary; and, on his arriving at the age of twenty-five (25) years, one-half of the share itself to be paid to the beneficiary absolutely.  (c) After the beneficiary attains the age of twenty-five (25) years, and until he arrives at the age of thirty (30) years, the income to be paid to the beneficiary annually; and, on his arriving at the age of thirty (30) years, the remaining one-half share itself to be paid to the beneficiary absolutely.  (14) If the beneficiary dies before attaining the age of thirty years, leaving issue, the share or part thereof then in the hands of the executors to be paid to such issue, absolutely free from any trust.  (15) If there are no issue, the share or part thereof to be paid to persons appointed by the will of the beneficiary, absolutely free from any trust.  (16) If beneficiary makes no appointment by will, the share or part thereof then in the hands of the executors to be paid to such of beneficiary's brothers or sisters as may survive her, absolutely free from any trust.  (17) And, if no brother or sister survives the beneficiary, the share or part thereof to be paid in equal shares to two nieces named, absolutely free from any trust."  The four Squiers children were born after the death of William G. Fargo.  The court decided that this attempted exercise of the power of appointment was invalid, because the will of William G. Fargo effected an equitable conversion of the estate, mostly realty, into personal property, and was to be treated as personal property, and (1) the legacies to the Squiers children did not vest in them at the death of Georgia Fargo; (2) under her will, the legal title to the property was vested in the executors as trustees, and the absolute ownership thereof was suspended until the beneficiaries arrived at the age of 30 years.  It is claimed by the appellants that the legacies for the Squiers children did vest in them at the death of Georgia Fargo; that no trust estate therein was created; and that the directions for the accumulation of income and limitations over may be held void without invalidating the attempted execution of the power.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John G. Milburn and William D. Guthrie, for appellants.
Edward E. Tanner and Lewis C. Ledyard, for respondents.

WILLIAMS, J.    It is provided by the statute (1 Rev. St. p. 773, § 1), that:

"The absolute ownership of personal property shall not be suspended by any limitation or condition whatever, for a longer period than during the continuance, and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition, or if such instrument be a will, for not more than two lives in being, at the death of the testator."

And by 1 Rev. St. p. 737, § 129, that:

"No estate or interest can be limited or given to any person by an instrument in execution of a power, which such person would not have been capable of taking, under the instrument by which the power was granted."

It is not disputed but that the will of William G. Fargo effected an equitable conversion of the property in question into personal property, and that for the purposes of this case it must be regarded as personal property. The disposition of the property under the will of Georgia Fargo was an attempted execution of the power created under and by the will of William G. Fargo. The validity of the attempted execution of the power must therefore be tested, under the statute, by reading the provisions of the will of Georgia Fargo relating to the property into the will of William G. Fargo. The absolute ownership of the property under the statute could not be suspended longer than during lives in being at death of William G. Fargo. It could not be suspended during the life of the Squiers children, or any part of such lives, because those children had not been born when William G. Fargo died. In order, therefore, that this attempted execution by Georgia Fargo of the power created by the will of William G. Fargo should be determined to be valid, it must be held that the absolute ownership of the property vested in the Squiers children at the death of Georgia Fargo. There can be no doubt of the intention of Georgia Fargo to execute the power created by her father's will. She expressly so stated in her will. Her language was: "Hereby intending * * * to direct the payment and distribution * * * of the sum held in trust for me, under the provisions of * * * such last will, * * * hereby executing each and every power of appointment vested in me by said will," etc. Neither would there seem to be any doubt that her intent was mainly to provide for the four Squiers children, because she provided that the property should be divided into four equal parts, one of which should be held for the use and benefit of each of those children; and then she provided that the whole income accumulated until the beneficiaries should become 21 years of age, or should die before that time, should belong absolutely to the beneficiaries, and should be paid to them or their estates free from any trust, and the whole income between the ages of 21 and 25 years should be paid to the beneficiaries annually, and one-half of the fund itself should be paid to the beneficiaries absolutely at the age of 25 years, and the whole income from the balance between the ages of 25 and 30 years should be paid to the beneficiaries annually, and the remaining one-half of the fund itself should be paid to the beneficiaries absolutely at the age of 30 years.

And, if this will contained only these provisions, it might well be said that the whole scheme of the testator was to provide for these four children, and the intention of the will was to vest the title in the children at her death, and merely to postpone payment or enjoyment thereof to a subsequent time.

The principle of law applicable to this question was well stated by Denio, C. J., in Everitt v. Everitt, 29 N. Y. 39, 75, 77, viz.:

"The leading inquiry upon which the question of vesting or not vesting turns is whether the gift is immediate, and the time of payment or of enjoyment only postponed, or is future and contingent, depending upon the beneficiary arriving of age, or surviving some other person, or the like. If futurity is annexed to the substance of the gift, the vesting is suspended; but, if it appears to relate to the time of payment only, the legacy vests instanter."

And, in this condition of things, the fact that a trust was also created by the will would not prevent the vesting of the title in the beneficiaries at the death of the testatrix. Vanderpoel v. Loew, 112 N. Y. 167–181, 19 N. E. 481.

But there were other provisions in this will connected with this trust and with the final disposition of the property. The testatrix provided that, in case of the death of the beneficiaries before arriving at the age of 30 years, the fund should thereupon be paid to their issue, if any; if no issue, then to the persons appointed by their wills, if any; if there were no issue and no appointees, then to brothers and sisters of beneficiaries, if any; and if no issue, no appointees, and no brothers or sisters, then to the two nieces of the testatrix, named in the will. These provisions expressly negative the idea that the whole scheme of this will was to provide for these four Squiers children, and that the intention was to vest title absolutely in them at the time of the testator's death, and show that the intention was to withhold the title from the children, and to vest the same in the trustees until the children should arrive at the ages of 25 and 30 years; that, in case of their death before the time specified, the property should not be disposed of as the property of the children, but under the particular provisions of her own will, which disposition would be entirely different from that which might be made if the property were the absolute property of the children, and was distributed in case of intestacy or passed under their wills. If this construction is to be given to this will of Georgia Fargo, then it cannot be sustained as a valid execution of the power created under the will of William G. Fargo. It is true that courts, in construing wills, are required to carry into effect the intention of a testator, so far as possible; but the statute also requires such intention to be collected from the will itself. 1 Rev. St. p. 748, § 2. And, where the intention is plainly deducible from the will, the court has no power to disregard that intention in the construction of the instrument. The court cannot make a new will for a testator, under a pretended construction of the one made by such testator. We cannot here, in view of the plain language and design of this will, hold that the whole scheme of this execution of the power was to provide for the Squiers children, and that the testatrix had

no design to withhold absolute title to the fund, and to dispose of it herself, in the event of these children dying before they became 25 or 30 years of age. The contrary design is clearly apparent from a mere reading of the provisions of the attempted execution of the power. There are many cases in the books where the courts have struggled hard to save wills from the provisions of the statute, and, by cutting out some provisions clearly invalid, to give effect to the intention of the testator; and they have sometimes succeeded. Many of these cases are cited and commented upon and distinguished by counsel upon this appeal. We do not regard it as necessary, however, to go through these cases or discuss them here. It seems to us this case is to be determined by the application of the principles of law and consideration of facts already referred to; and we rest our decision upon the fact that the intent of the testatrix, as indicated by the language of the will, was to suspend the vesting of absolute title to the property until the Squiers children should arrive at the ages of 25 and 30 years, respectively,—that is, as to one-half share for each child until he should arrive at the age of 25 years, and as to the other one-half until he should arrive at the age of 30 years. This was a violation of the statute, which rendered the execution of the power invalid.

The judgment appealed from should be affirmed, with costs. All concur.