(20 App. Div. 100.)

HERSEE et al. v. SIMPSON.

(Supreme Court, Appellate Division, Fourth Department.   July 29, 1897.)

WILLS—CONSTRUCTION—VESTING OF ESTATE.

A will devising all of testator's estate to his wife for life also provided that, "from and after her decease, my will is that all of my said property be disposed of according to the statutes of the state of New York governing the descent of real property and the distribution of personal estates." *Held*, that the estate in remainder vested in the heirs of testator at the time of his death; the words quoted not being words of devise, but indicating that testator assumed that such heirs would be entitled to his property, under the laws of the state, at the close of the life estate devised.

Controversy between Annette C. Hersee, and another, as plaintiffs, and Louis W. Simpson, as defendant, submitted under Code Civ. Proc. § 1279, providing for the submission of controversies without process.   The controversy relates to the title and ownership of certain lands situated in the city of Buffalo, which plaintiffs contracted to sell and convey to defendant.   Judgment ordered for plaintiffs.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

W. G. Newbrook, for plaintiffs.
Fred W. Ely, for defendant.

HARDIN, P. J.   Thompson Hersee, on the 8th day of March, 1879, made and executed his last will and testament, and in December, 1884, he died, at the age of 71 years, seised in fee simple of the real property described in the submission.   He left, him surviving, a widow, the plaintiff Annette C. Hersee, and a son, William M. Hersee, and a daughter, Carrie H. Coit, one of the plaintiffs, and no other children or issue of deceased children.   William M. Hersee died unmarried, intestate, without issue, in September, 1891.   Annette L. Hersee, a granddaughter of the testator, died in infancy in 1882, unmarried and without issue, some two years before the death of the testator.   In the first clause of the testator's will he bequeathed $10,000 to Annette L. Hersee, who was the daughter of his deceased son, Thompson Hersee, Jr., "on the condition that she live to be the age of twenty-one years, said conditional legacy to be paid to her on her arriving at the age of twenty-one years.   But, if the said Annette should not live to be of the age of twenty-one years, then said bequest to be inoperative and of no effect."   Inasmuch as Annette L. Hersee died in 1882, the legacy to her became wholly inoperative.   In the second clause of the will the testator used language which gives rise to the question presented in this case.   The language is as follows:

"All the rest, residue, and remainder of my estate, real and personal, of every name and nature (subject to the contingent payment of the above legacy), I bequeath and devise to my wife, Annette C. Hersee, to have, hold, and enjoy the same, with the rents, issues, and profits thereof, during the term of her natural life, and from and after her decease my will is that all of my said property be disposed of according to the statutes of the state of New York governing the descent of real property and the distribution of personal estates."

In the third clause of the will he nominated and appointed his wife, Annette C. Hersee, sole executrix. No trust was created by the terms of the will.

The language of the will seems very clearly to indicate the intention of the testator that his property should pass to his heirs at law and next of kin in accordance with the laws of the state of New York, except that the wife should have a life estate, and enjoy the use of all his property (except such as might be required to pay the legacy) during her natural life. The language used by the testator to carry out such intention seems to be somewhat inartistic, as it provides that, from and after the death of his wife, the testator's property should be enjoyed by those entitled to it under the laws of the state of New York governing the descent of real property and the distribution of personal estates. By the use of the words, "My will is that all of my said property be disposed of according to the statutes of the state of New York," the testator intended that the real property should be enjoyed by his heirs at law, and that they should be let into the possession of the same immediately upon the termination of the life estate given to the wife. The question to be determined is whether the real estate vested at the death of the testator, or whether it should vest at the time of the death of the widow; in other words, whether his heirs at law, at the time of his death, took a vested remainder or a contingent remainder. We think they took a vested remainder.

By section 13, p. 1790, 2 Rev. St. (9th Ed.), it is provided as follows:

"Future estates are either vested or contingent. They are vested when there is a person in being who would have an immediate right to the possession of the lands, upon the ceasing of the intermediate or precedent estate. They are contingent whilst the person to whom or the event upon which they are limited to take effect remains uncertain."

That section was construed and applied in Sage v. Wheeler, 3 App. Div. 40, 37 N. Y. Supp. 1107, by this court, and in the course of the opinion delivered in that case it was said:

"A construction is to be preferred which will give meaning to all the language used by the testator, and also that shall avoid the disinheritance of remainder-men who may happen to die before the termination of the precedent estate."

In the language of the will under consideration, there is a clear devise to the wife for life of the lands. The words subsequently used are not the words of devise of the remainder of the land in express language, but they indicate that the land was to be "disposed of according to the statutes of the state." In other words, the heirs of the testator were by him assumed to be entitled to his property under the laws of the state at the close of the life estate given to his wife. This construction leaves the fee as a vested remainder in his heirs at law at the time of his death, subject to the life estate in the wife, and enables us to give effect to the words "from and after her decease" as being intended to apply to the possession, or right of possession, of those who were embraced in the provisions of the statute as his heirs at law; and the words "be disposed of according to the statutes" are satisfied by assuming that they were intended to be used to relate to the property in the heirs after the close of the life of the wife,

to whom was given a life estate. If it be assumed that the testator intended that his children should take, under the laws of the state, his real estate, subject, however, to the devise of the life use thereof to his wife, the language used seems to warrant the court in so construing the will as to carry out that intention. We see nothing in the language indicating that "futurity is annexed to the substance of the gift." On the contrary, we are of the opinion that the devise to his heirs at law, in virtue of the statutes of the state, is absolute, and the time of enjoyment only is postponed to the termination of the life estate. And we think we may appropriately apply the language of Bartlett, J., in Miller v. Gilbert, 144 N. Y. 73, 38 N. E. 979, where he says in respect to a testator's will: "Dealing with his real estate, the testator evidently intended the widow was to have a life estate, and the sons the fee."

The construction which we have indicated is supported to a considerable extent by the following authorities: In re Embree, 9 App. Div. 602, 41 N. Y. Supp. 737; Bowditch v. Ayrault, 138 N. Y. 222, 34 N. E. 514; Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388; Van Nostrand v. Marvin, 16 App. Div. 28, 44 N. Y. Supp. 679. Our attention has been invited to In re Allen, 151 N. Y. 243, 45 N. E. 554. The language found in the will there under consideration differs very essentially from the language of the will now before us. The language used there was of a contingent devise, and the postponement was clearly evidenced by the language of the will, and the devise "was contingent upon the death of the father and mother of the testator before the death of his widow. It was only upon the happening of both of these events before her death that the devise to them was to take effect." Bisson v. Railroad Co., 143 N. Y. 125, 38 N. E. 104, affirming 66 Hun, 604, 22 N. Y. Supp. 31, differs from the case in hand, as there, by the terms of a will, the devise to the heirs was not, "by the terms of the will, to vest in possession until after the termination of the life estate given to the widow. That was the time fixed for the gift to take effect, and then was the time when the persons would be ascertained who, coming under the description of heirs of the testator, would be entitled to share with the heirs of his widow in the distribution of the estate." The language is unlike the language in the will before us. In Re Baer, 87 Hun, 483, 34 N. Y. Supp. 1016, affirmed 147 N. Y. 353, 41 N. E. 702, the will under construction was held to indicate quite clearly that the testatrix "did not intend that the remainder should vest upon her death in the then living children and heirs of her brother, but should be postponed until the time for division and distribution arrived, and then to vest in such persons as answered to the description who survived." That was a case where "futurity is annexed to the substance of the gift"; and it was held that it was the intention of the testatrix that upon the death of the daughter, for whose benefit the trust was created, without issue, "the remainder should be distributed among such of the children of her brother as might then be living, and the lawful heirs of such as might be dead." The case, we think, does not aid the contention of the defendant. We are therefore of the opinion that the whole title to the real estate mentioned in the submission resided in the plain-

tiffs at the time of the execution of the contract mentioned in the submission. We are also of the opinion "that the title was not involved in so much doubt, within the meaning of the rule," as to justify the purchaser in refusing to perform the contract which he had entered into with the plaintiffs, and, upon his receiving the warranty deed executed by the plaintiffs, he would acquire title to the property mentioned in the submission, and described in the contract executed by the parties to this action. See In re Baer, 147 N. Y. 355, 41 N. E. 702. We think judgment should be rendered in favor of the plaintiffs, in accordance with the views already expressed.

Judgment ordered for the plaintiffs, with costs. All concur.