WILLS—VESTED REMAINDERS—ASSIGNMENT.
    A will created an annuity for testator's widow, and on her decease the estate was to be divided equally among certain legatees.  On the death of any legatee his or her issue was to receive the parent's share, and, if no issue was left, such share was to be divided equally among the sur-viving legatees.  The widow survived all the legatees and one child of one of them.  This child, subsequent to his parent's death, executed an assignment of his interest in the estate.  *Held*, that the assignee became entitled to such child's share on the widow's death, the remainders of the issue being vested, under 1 Rev. St. p. 725, § 35, which makes expectant estates devisable and alienable in the same manner as estates in pos-session.

Proceedings for the final settlement of the accounts of Alexander B. Crane, substituted trustee under the last will and testament of Lewis F. Battelle, deceased.

Stephen O. Lockwood, for trustee.
Wm. Seton Gordon, for Agnes Hutcheson and others.
Duncan Edwards, for Edwards and Davis.

ARNOLD, S.    The testator, by his will admitted to probate in this county in May, 1870, gave to his wife an annuity of $3,000, to be paid to her yearly during her natural life, devised and bequeathed his residuary estate to his executors in trust to manage the same, and, after providing for the payment from the income thereof, of such an-nuity, directed the payment of certain other annuities to two of his sisters and to a niece, any surplus of income to be applied to the use of his wife.    He then provided that upon the decease of his wife the estate should be divided equally between his brothers and sisters and, a niece, each one to take an equal share thereof, with certain deduc-tions to be made from some of such shares, and provided, further, that if any of his said brothers and sisters and niece should die before his wife, leaving lawful issue him or her surviving, then the share of the one so dying should be paid over to their issue in equal shares, but, if they should leave no lawful issue him or her surviving, then the share to be divided among the survivors and the lawful issue of any one or more of them who shall have died leaving lawful issue him or her surviving, each one of said survivors taking one equal

share thereof, and the lawful issue of any one deceased to take the share of the parent, if one solely, if more than one jointly and equally. The testator's widow died February, 1896, having survived all of his brothers and sisters as well as the niece. Several of these died without issue. One of the sisters, a Mrs. Biggs, left, her surviving, five children, all of whom survived the widow with the exception of one son, William S. Biggs, who, subsequently to his mother's death, executed an assignment of all his interest in the trust estate. The successor of the original trustee named in the will having now applied for a judicial settlement of his account, and for a decree of distribution of the trust estate in his hands, submits to the court conflicting claims upon that part of the fund (to wit, one twenty-fourth thereof) which represents the interest so assigned by William S. Biggs. This interest is claimed by the assignees on the one hand, and by the surviving children of Mrs. Biggs, the testator's sister, on the other. In Re Embree, 9 App. Div. 602, 41 N. Y. Supp. 737, affirmed on opinion of court below in 154 N. Y. 778, 49 N. E. 1096, it was held—citing Packham v. Gregory, 4 Hare, 396; Loder v. Hatfield, 71 N. Y. 92, 100; Bushnell v. Carpenter, 92 N. Y. 270; and In re Young, 145 N. Y. 538–540, 40 N. E. 226—that even though there be no other gift in the will than that contained in a direction to pay or distribute in the future, yet, if such payment or distribution appear to be postponed for the convenience of the estate only (as to let in some intermediate life estate), the ulterior legatees will take a vested interest at the death of the testator, provided the postponement is not upon any contingency. In that case the payment and distribution was to take place upon the decease of the testator's widow, to whom a life estate was given, but one of the remainder-men, who predeceased the life tenant, left a will by which she gave all her interest under the testator's will to the children of her cousin, who were not remainder-men; and it was held that the rule that, where the only gift is by a direction to pay or distribute at a future time among a class, such division must be made only among such of that class as survive the period prescribed for such division, had no application, and that the devisee of her cousin was entitled to her share on such division upon the termination of the intermediate life estate. In the case of Flanagan v. Staples (Sup.) 51 N. Y. Supp. 10, it was held that where a testator, by his will, created a trust fund, the income whereof was to be applied to the use of his wife during her life, and upon her death the principal to be divided among his children, share and share alike, and in case any of them should die leaving lawful issue, then such issue to take the share their parent would have taken if living, the children took a vested remainder from the time of the testator's death, but liable to be devested as to the share of any child dying leaving lawful issue before the death of the widow; and it appearing that one of such children had died prior to the latter event, leaving issue, that the remainder which had theretofore been vested in their parent passed to such issue to the exclusion of the devisees of such parent, to whom by his will he had attempted to transfer the same. In that case it became necessary to determine whether the "death leaving issue," referred to, meant death prior to that of the testator, or death prior

to the termination of the life estate, and it was held that it meant
the latter. In the present case this question is not presented, be-
cause it is expressly provided in the testator's will that the death
which should devest the original devisee of his interest meant death
before the termination of the life estate. It is to be observed that no
limitation is placed by the will upon the interest given to the issue
of any original devisee who should predecease the widow. It would
follow that upon the death of Mrs. Biggs, the testator's sister, her
five children then surviving took vested remainders in equal propor-
tions in the share which she would have been entitled to receive at
the termination of the life estate if she had survived that event. The
case of Martin v. Holgate, L. R. 1 H. L. 175, appears to have involved
substantially the same question as is presented here. One Jennings,
by his will, gave his residuary estate to trustees, directing them to
pay the annual proceeds thereof to his wife during the term of her
natural life, and, from and immediately after her decease, to distribute
and divide the principal among such of his four nephews and two
nieces named as should be living at the time of such decease, in equal
shares, but, if any or either of them should then be dead leaving issue,
then such issue to be entitled to their father's or mother's share in
equal proportions. At the decease of the widow the two nieces and
one of the nephews were living, and one nephew had died after the
decease of the testator and before that of the widow, leaving one
child who did not survive the latter. One of the nieces presented a
petition, praying that the trust estate be divided into thirds, and paid
to the three surviving residuary legatees. The personal representa-
tive of the deceased grandniece claimed that he was as such entitled
to the one-fourth of the estate which she would have received if she
had survived the widow, which claim was denied by the master of
the rolls; but upon the appeal to the house of lords his decree was
reversed, and such claim was sustained, it being held that the as-
sumption by the court below that, because the gift to the parent was
contingent (upon his surviving the life tenant), therefore the gift to
the issue was also intended to be contingent, was not warranted by
the words of the will. The interest which William S. Biggs ac-
quired upon the death of his mother was alienable by him (1 Rev.
St. p. 725, § 35), and was not devested by his death before the ter-
mination of the widow's life estate, and the claim of his assignees
that they are entitled to the same upon the distribution to be de-
creed in this proceeding is sustained. Decreed accordingly.