(39 Misc. Rep. 103.)

### KUNHARDT v. BRADISH et al.

(Supreme Court, Special Term, New York County. October, 1902.)

1. WILL—CONSTRUCTION—VESTED INTEREST.

    Where testator devises certain property in trust during the life of his daughter, A., to apply the income to her use, and, secondly, to the use of two other daughters, and upon the death of A. to pay the remaining principal and interest to such other daughters in equal shares, such other daughters take at the testator's death vested interests in the fund set aside to provide for A. during her lifetime, and, on their dying during the lifetime of A., their representatives will be entitled to said fund and the accumulations of income on the death of A., and are entitled to the surplus income during the lifetime of A.

Action by Henry R. Kunhardt, trustee under the will of Wheaton Bradish, against Harriet Bradish and others. Judgment rendered.

Redfield, Redfield & Lydon, for plaintiff.
Lockwood & Hill, for defendants.

SCOTT, J. This action is brought for the purpose of obtaining a judicial construction of the sixth clause of the will of Wheaton Bradish, deceased, who died in 1862, leaving a widow, Emily Bradish, and three daughters, Harriet Bradish, Eliza Smith, and Catherine Trenor Kunhardt, his only heirs at law and next of kin. The widow

died some years later, leaving a son by a prior marriage, to whom she bequeathed all her property. This son died intestate, leaving a widow, Almina A. Proctor, and a daughter, Emily Boylan, both defendants herein. Of the children of Wheaton Bradish, Harriet is still living, and is an insane person. The second daughter, Eliza Smith, died soon after her father, and before his widow, leaving a husband and a son, both defendants herein. The third daughter, Catherine Trenor Kunhardt, died in 1901, and her executors are defendants herein. The sixth clause of the will, of which a construction is sought, after reciting that the testator will be entitled to the sum of £13,000 sterling on the death of a brother, bequeaths to his executors out of such fund the sum of £4,500 in trust, to invest the same, "and during the life of my daughter Harriet Bradish apply the income (and, in their discretion, any portion or portions of the principal thereof) to her use so far as may be necessary or desirable for her greatest comfort, and, secondly, to the use of my said two daughters Eliza and Catherine Trenor in equal shares; and upon the decease of my. said daughter Harriet to assign and pay the remaining principal and unexpended income of the said fund to my said two daughters Eliza and Catherine Trenor in equal shares; and the residue of said annuities [meaning the £13,000] over and above all said sum of £4,500 I give and bequeath to my said two daughters Eliza and Catherine Trenor in equal shares, to their own use, respectively." The question suggested by this clause is whether the testator's two daughters Eliza and Catherine Trenor severally acquired on his death a vested interest in and to an equal moiety of the principal sum of £4,500 and the surplus income derived therefrom, and hence whether, in view of Harriet's survivorship of her two sisters, the said fund and surplus income and accumulations of interest pass to the representatives of said sisters, or whether, as to the remainder of said fund after the death of Harriet, the testator died intestate. In the one case the representative of the deceased daughters will take the whole fund and all the surplus and accumulated income; in the other case one-third of the fund will pass to the widow and daughter of the son of testator's widow by a former marriage. The doubt in the case arises from the existence of the general rule that, where the only gift of a fund is contained in a direction to executors to pay and divide at a future time, the vesting is postponed until the time shall arrive when the payment and division is to be made. The rule is, of course, well recognized, but it is not inflexible; and, as was said by Judge Andrews in Campbell v. Stokes, 142 N. Y. 29, 36 N. E. 812, "it is a rule for ascertaining the real intention of a testator, and not for defeating it." Reading the sixth clause of the testator's will in the light of other provisions in the same document, it seems to be clear that it was his intention that his two daughters Eliza and Catherine Kunhardt should ultimately receive the whole of the fund of £13,000, the vesting of £4,500 being merely suspended or postponed during Harriet's lifetime. In this respect the will under consideration much resembles that which was before the court of appeals in Re Young, 145 N. Y. 535, 40 N. E. 226. It was said in Re Morris' Estate, 9 App. Div. 602–605, 41 N. Y. Supp. 737, 739, that: "Even though

there be no other gift in the will than that contained in a direction to pay or distribute in the future, yet, if such payment or distribution appear to be postponed for the convenience of the estate only (as to let in some intermediate estate), the ulterior legatees will take a vested interest at the death of the testator." This is precisely the condition created by the clause of the will of Wheaton Bradish, concerning which a construction is asked. My conclusion is that the testator's daughters Eliza and Catherine Kunhardt severally took, at the testator's death, vested interests in the fund of £4,500 set aside to provide for Harriet during her lifetime, and consequently that their representatives will, upon the death of Harriet, be entitled to said fund and the accumulations of income, and are, during Harriet's lifetime, entitled to receive the surplus income.

Judgment accordingly.