---

(112 App. Div. 732)

In re ROBERTS' WILL.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

PERPETUITIES—SUSPENSION OF ALIENATION.

    Testatrix's will provided that all money remaining in the hands of the executrix after the payment of certain legacies should be deposited in a savings bank to the credit of the executrix, and the interest paid to P. until her child E. should become 21 years of age, or would have become such age if living, when the money should be paid to the sons of A., and she bequeathed to E. certain bonds, to be delivered to her on reaching her majority, but provided that, in case of E's death before majority, the bonds should go to the sons of A. or to the survivor of them. *Held*, that such provisions did not create a trust, but the time for payment or distribution only was postponed, and not the vesting of the title to the testamentary disposition, and hence the provisions did not offend Personal Property Law, Laws 1897, p. 507, c. 417, § 2, providing that the absolute ownership of personal property shall not be suspended for a

longer period than during the continuance and till the termination of not more than two lives in being at the death of testator.

**Appeal from Surrogate's Court, Jefferson County.**

Judicial proceedings on the settlement of the estate of Roxanna M. Roberts, deceased. Appeal from so much of the decree of the surrogate as adjudged that the fourth and fifth clauses of the will of decedent did not suspend the absolute ownership of personal property, in violation of section 2 of the personal property law (Laws 1897, p. 507, c. 417). Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

G. S. McCartin, for appellants.
H. L. Hooker, for respondents.
Joseph Nellis, special guardian, for infant defendants.

KRUSE, J. The provisions of the will which are attacked are as follows:

"(4) All the money and other personal property which, by said last Will and codicils I gave to said George W. Prentice, and which, except for his death, and the foregoing revocation, would go to him, I give and bequeath to said Mariette Prentice and her three children, Roswell Prentice, Earl Prentice and Esther Prentice, in the manner following:

"After my just debts and funeral expenses are paid, and after all the legacies and gifts set forth in said last Will and codicils (not including any gift or bequest to said George W. Prentice in said Will or codicils) are paid and satisfied, and after all expenses attending the execution of my said last Will and codicils, and the administration of the affairs of my estate, are paid, such moneys as may remain in the hands of my executrix shall be deposited in some Savings Bank or other bank in the City of Watertown, N. Y., to the credit of the executrix named in my said will.

"The interest accruing on such deposit shall be paid by my said executrix, semi-annually, to said Mariette Prentice, until said Esther becomes, or would become, if living, 21 years of age. When that time arrives, the money so remaining on deposit, less proper charges and commissions, shall be paid, share and share alike, to the two sons of Austin E. Prentice, deceased, or to the survivor of them.

"(5) I give and bequeath to Esther Prentice, daughter of Austin E. Prentice, deceased, five bonds of $1,000 each of the Chicago, St. Paul M. & C. Consolidated Mortgage, principal due 1 June 1930, numbered severally 3971, 3972, 3973, 3974 and 3975, left for safe keeping with the National Bank & Loan Company, Watertown, N. Y., to be delivered to her, with the coupons then attached thereto when she becomes 21 years of age. In case of her death, before she becomes 21 years of age, then I give and bequeath said five bonds to the two sons of Austin E. Prentice, share and share alike, or to the survivor of said two sons; no delivery of said bonds to be made until said Esther becomes, or would become if living, 21 years of age."

The ground upon which their validity is challenged is that these provisions offend against section 2 of the personal property law (Laws 1897, p. 507, c. 417), which reads as follows:

"(2) Suspension of ownership. The absolute ownership of personal property shall not be suspended by any limitation or condition, for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition; or, if such instrument be a will, for not more than two lives in being at the death of the testator; in other respects limitations of future or contingent interests in personal property, are subject to the rules prescribed in relation to future estates in real property."

Our conclusion is that the surrogate rightly decided that the provisions of this will under review do not create a trust, and that the ownership of personal property is not suspended thereby, contrary to the provisions of the personal property law. No trust is created thereby in express terms, nor is one implied, for a trust is unnecessary to carry out these provisions. The testatrix specifically and in express terms bequeathed to the legatees these bequests, and their interest vested immediately upon her death. The mere fact that the time of payment was fixed at a future time, beyond the period for which the ownership of the property may be suspended, does not contravene the provisions of the statute against perpetuities. It is not like a case where the only provision making the disposition of the property is contained in the direction to pay or distribute in the future. The power of alienation of real estate and the absolute ownership of personal property is suspended when there are no persons in being by whom an absolute estate in possession can be conveyed or transferred (Real Property Law, Laws 1896, p. 565, c. 547, § 32; Sawyer v. Cubby, 146 N. Y. 192, 196, 40 N. E. 869), and there are but two ways in which this suspension may be accomplished: (1) By the creation of a trust which vests the estate in trustees; (2) by the creation of future estates, vesting upon the occurrence of some future and contingent event (Steinway v. Steinway, 163 N. Y. 183, 57 N. E. 312; Wilber v. Wilber, 165 N. Y. 451, 59 N. E. 264).

We think the time for payment or distribution only was postponed, and not the vesting of the title to this testamentary disposition, and that the case comes within the rule applied in the Wilber Case, supra, and Matter of Embree, 9 App. Div. 602, 41 N. Y. Supp. 737.

The decree of the surrogate should be affirmed, with costs to the adult respondents, and a separate bill of costs to the special guardian for the infant respondents, payable out of the estate. All concur.