(59 Misc. Rep. 96.)

### SIMPSON v. TRUST CO. OF AMERICA.

(Supreme Court, Special Term, New York County.   April, 1908.)

1. WILLS—CONSTRUCTION.

The court cannot, in interpreting a will, be deterred from arriving at the meaning of the testator, though a proper construction may render the will invalid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 959.]

2. PERPETUITIES—SUSPENSION OF ABSOLUTE OWNERSHIP.

Testator by his will created a trust in favor of his wife for life, and on her death in favor of his brother and sister for life, and on the death of either in favor of the survivor for life, with a remainder over to a nephew and niece in fee.   *Held*, that the will violated the statutes against perpetuities, and the trusts and also the remainder are void.

Action by Julia K. Simpson against the Trust Company of America to construe a will.   Will held invalid.

Judgment affirmed 112 N. Y. Supp. 370.

S. Livingston Samuels, for plaintiff.

O'Brien, Boardman & Platt (A. B. Boardman, of counsel), for defendant Trust Co. of America.

Wollman & Wollman (Henry Wollman, of counsel), for other defendants.

HENDRICK, J.   This is an action for the construction of a will. The plaintiff seeks to have its provisions declared void as suspending the absolute ownership of the estate for more than two lives in being. It is claimed on the part of the plaintiff that by the fourth and fifth paragraphs of the will the testator has created a trust in one-third part of his residuary estate in favor of his wife for life, with remainder as to one half thereof to his brother for life and as to the other half thereof to his sister for life, and with remainder upon the death of either brother or sister to the survivor of them for life, with remainder over to a nephew and niece in fee.   It is claimed, too, that by the said paragraphs the testator has created a trust in the other two-thirds of his residuary estate, by which he gives a life estate as to one-half thereof each to his brother and sister, with remainder for life to the survivor of them, with remainder for life to his widow in case she survived said brother and sister, and with remainder in fee to the nephew and niece before mentioned.   If the fair and reasonable construction of the will sustains either or both of said contentions, the

provisions are clearly in violation of the statute. The legatees and the trust company, the executor of the will, argue for a different construction. They claim, first, as to the one-third in which a life estate is created in favor of the widow, that the remainder thereof after her death is given to the brother and sister in equal shares absolutely, and not for life. The language of the will does not sustain this contention. It is as follows:

"And on her death I direct said part, so set apart for the benefit of my wife, be added in equal portions to the parts or shares of my brothers and my sisters me surviving."

The shares of the brother and sister are set forth in the same paragraph as life estates with survivorship for life. If such shares are life interests, then the remainders that are required to be added upon the death of the widow to the shares of the brother and sister are also life interests. On the death of the widow, one half of the remainder of her one-third is given to the brother for life, and the other half of the remainder to the sister for life. On the death of either brother or sister, his or her share is to be added to the share of the survivor, and held by such survivor for life. In other words, the one-half of the third that was derived from the widow and passed through the predeceasing brother or sister to the survivor constitutes the third successive life estate, in contravention of the statute. The construction urged by the legatees is a strained one, and manifestly at variance with the clear intent of the testator. So, too, as to the two-thirds given to the brother and sister for life. It is claimed on the part of the legatees that the fourth paragraph of the will, providing for the distribution of the said two-thirds, should be read alone, and not in connection with the fifth paragraph. If that were done, it would, as to that portion of the estate, remove the question of invalidity, as it would limit the remainder upon two life estates only. The general rules of construction require that every part of the will should be given force and effect. The construction urged would not do so. Moreover, it leaves incomplete the general intent of the testator as gathered from the whole instrument—the intent to provide for a distribution in every possible contingency. If the fifth paragraph is read with the fourth, the testator's plan is made complete; but it is also made invalid as against the statute.

In endeavoring, however, to construe a will, courts cannot be deterred from arriving at the meaning of the testator by the effect that proper construction may have upon it. While the law of accruer, as determined by the courts of this state, would help the view of the legatees in a case of doubtful meaning, the fair and reasonable construction of all the provisions of the will favor the contention that there is in the will itself the explicit command of the testator to keep the estate intact until it should reach the nephew and niece. The will speaks as of the time of the testator's death; and whether or not it violates the statute against perpetuities must be determined as of that date, and not by any subsequent event. Since, then, the trusts are void because in violation of the statute, the remainder limited thereon to the nephew and niece is void also, and the entire disposition is invalid. The attempt of the testator to make an unlawful and invalid disposition of his property unfortunately results in enforced intestacy in this case,

but the departure from his intention is the result not of decree but of his own act. Morton Trust Co. v. Sands, 122 App. Div. 691, 107 N. Y. Supp. 698.

Submit decision in accordance herewith.