SIMPSON v. TRUST CO. OF AMERICA et al.

(Supreme Court, Special Term, New York County. May 23, 1908.)

1. WILLS—CONSTRUCTION—ESTATE CREDITED—BEQUEST OF INCOME.
    Testator gave two-sixths of his estate in trust to pay the income to his brother for life, then to his sister for life, with remainder to his nephew. He also gave two-sixths to his sister for life, then to his brother for life, with remainder over in like manner, and another two-sixths to his wife for life, and on her death "said part so set apart for the benefit of my wife to be added in equal portions to the parts or shares of my brother and sister." There was no uniform use of the word "part" to show that it referred to the principal, and the general scheme of the will disposed of the income to brothers and sisters, and remainder to nephews, and the words "part or share" were used in several places as referring to income. *Held*, that the part to be added to the "parts or shares" of the brother and sister on the wife's death referred to the income, and not the principal, and a contrary intention could not be inferred because the principal was not expressly disposed of.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1249.]

2. SAME—TIME FROM WHICH WILL SPEAKS.
    Since a will speaks as of the date of testator's death, bequests to a legatee who died before testator need not be considered in determining the effect of the will.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1005–1007.]

3. SAME—CONSTRUCTION AGAINST INVALIDITY.
    The fourth article of a will gave two-sixths of testator's estate in trust to pay the net income to his brother for life, then to his sister for life, if she survived, with a remainder in the principal to his nephew, etc. The fifth article provided that, if the brother and sister should die before the widow, the whole income must be paid to the widow during her life, with remainder to nephews as before. *Held*, that the two articles were consistent, and the placing of the substitutionary disposition to the wife in a separate article did not change its purpose, and it would not be rejected in order to uphold the bequest under the statute against perpetuities.

4. PERPETUITIES—SUSPENSION OF ABSOLUTE OWNERSHIP.
    Testator conveyed two-sixths of his estate in trust to pay the income to his brother for life, then to his sister for life, then to his widow for life, with a remainder in the principal to nephews and nieces, and con-

veyed the other four-sixths to the same persons in like manner, except that the sister and widow, respectively, preceded the brother as life beneficiaries. *Held,* that the will violated the statute against perpetuities, and the remainder to nephews was void, as limited upon a trust for three lives.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 45–56.]

5. SAME—POSSIBILITY OF VIOLATION OF STATUTE—SUSPENSION OF ALIENATION.
Under 1 Rev. St. (1st Ed.) p. 773, pt. 2, c. 4, tit. 4, § 1, providing that the absolute ownership of personal property shall not be suspended longer than during the continuance and until the termination of not more than two lives, where the income of property was given for life to three successive legatees and the principal to another, it cannot be assumed, in order to take the bequest out of the statute, that some of the beneficiaries will die, so as to effect testator's intention without violating the statute, as the suspension results from the will, and, if it exists at all, exists when the will takes effect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, § 5.]

6. WILLS — CONSTRUCTION — INTENTION OF TESTATOR — EFFECT TO INVALIDATE WILL.
Where the language and intent of a will is clear, it cannot be changed by construction; and testator's intention must be adhered to, even though it leads to the destruction of the will.

Action by Julia K. Simpson against the Trust Company of America and others to construe a will. Judgment of invalidity, and plaintiff moves for a new trial. Motion denied.

S. Livingston Samuels, for plaintiff.

O'Brien, Boardman & Platt (A. B. Boardman, of counsel), for defendant Trust Company of America.

Wollman & Wollman (Henry Wollman, of counsel), for other defendants.

HENDRICK, J. A reconsideration of this case on this motion for a new trial confirms me in my opinion heretofore handed down. 59 Misc. Rep. 96, 112 N. Y. Supp. 155. It may be of advantage, nevertheless, to amplify the reasons for the conclusion that the will is invalid.

The facts are practically conceded. Simon M. Simpson executed a will in 1902, and died in 1905, leaving him surviving his widow, who is the plaintiff herein, his brother Isaac, his sister Caroline Lichtenberg, her son Joseph S. Lichtenberg, and her daughter Allie Lichtenberg. Said brother and sister were his only next of kin. Aside from a lot in Chicago, worth $100, his estate consisted of personalty of the value of upwards of $100,000. Life insurance amounting to about $34,000 passed to his widow. The first article of the will directs the payment of debts, the sixth appoints the trust company as his executor, and the second and third did not take effect because certain conditions did not arise. The testamentary dispositions are contained in articles 4 and 5. The questions at issue are presented within a narrow compass. Testator's main intentions are clearly expressed. It was his desire that his widow should receive absolute title to the insurance moneys, that she and his brother and sister should receive the income from the corpus, and that after the death of all three the corpus should pass to said

nephew and niece in the proportion of one-third and two-thirds. The question is whether he succeeded in making that disposition in a manner warranted by the statutes.

Testator divided his estate into three parts, of two-sixths each. By the third paragraph of the fourth article he gave two-sixths to his trustee in trust to pay the net income to his brother during life, then to pay it to the sister during life, if she survived the brother, then to pay the principal to the nephew and niece in the proportion of one-third and two-thirds. If the brother and sister should predecease the widow, the trustee was directed by the fifth article to pay the whole income to her during life, with remainder to the nephew and niece as above. By the same provision a second two-sixths was disposed of in the same manner for the benefit of the sister, and then to the brother, if he survived her. By the first paragraph of the fourth article testator gave two-sixths to his trustee in trust to pay the net income to his wife during her life, "and on her death I direct that said part so set apart for the benefit of my wife be added in equal portions to the parts or shares of my brothers and my sister me surviving."

We cannot add any part of principal to any part of principal given to the brother and sister, for no part of the corpus was bequeathed to them. Nor does any uniform use of the word "part" lead to the conclusion that "said part so set apart" refers to principal. In the second, but inoperative article, testator calls the part set aside for his wife "two-thirds of my entire estate." When he disposes of her interest after her death, he calls it "said sum." In the third, but inoperative, article, in disposing of the remainder of his estate, he calls it "one-third part," and divides it into "parts." In providing for survivorship in the same article, he calls it a "part or share." In the first paragraph of the fourth article he calls the principal "one-third of my entire estate," and repeats it in the same words. As it is impossible to add principal to "parts or shares" of principal which do not exist, and as the scheme of the will discloses an intention to bequeath the remainder in the principal to the nephew and niece, I am led to construe the lines quoted as a direction to pay the income which the widow may receive, and not the principal, to the brother and sister at the widow's death.

An intention to pass the principal cannot be inferred from a bequest of the income without disposing of the principal, for the scheme of the will disposes of income to the brothers and sister, with remainder to the nephew and niece. Moreover, there is no gift direct to the brothers and sister of income even. Payments are directed by the trustee, who holds the title. The intention of testator seems quite clear, also, from the fact that he uses the word "share," either alone or as a synonym for "part," in several other places to indicate the income which the brother and sister are to receive. By the fifth article these two-sixths pass to the widow for life, if she survives the brother and sister, with remainder in fee to the nephew and niece. As the will speaks as of the date of testator's death (Morton Trust Company v. Sands, 122 App. Div. 691, 107 N. Y. Supp. 698), I have omitted reference to a brother, Lionel, who predeceased testator. I have also

referred to the thirds mentioned in the will as sixths for convenience in following the interests of the three life beneficiaries.

The following, then, are the dispositions made by the will: Two-sixths to the trustee in trust to pay the income to the brother for life, then to the sister for life, then to the widow for life, the principal to the nephew and niece in fee; two-sixths to the trustee in trust to pay the income to the sister for life, then to the brother for life, then to the widow for life, the principal to the nephew and niece in fee; one-sixth to the trustee in trust to pay the income to the widow for life, then to the brother for life, then to the sister for life, then to pay the principal to the nephew and niece; one-sixth to the trustee in trust to pay the income to the widow for life, then to the sister for life, then to the brother for life, then to pay the principal to the nephew and niece.

I am invited by defendants to disregard the fifth article, and thus save the four-sixths to the brother and sister for life, and the remainder to the nephew and niece. But the briefs do not cite the law that opens a pathway. The only apparent objection to the article is the use of the words "entire estate." He had already made a final disposition of two-sixths for the use of his widow, and how, it may be asked, could he give it to her a second time? It seems to me that the article does not contradict the former disposition, but merely repeats it. It is also true that by the second paragraph of the fourth article he had bequeathed two-sixths "to the lawful issue of each of my brothers and my sister then deceased"; but, as that disposition was contingent upon a decease of the parent of said issue before the decease of the testator, it did not take effect, and therefore that disposition is not inconsistent with the fifth article. And why should the court construe words with regard to their precise and technical meaning, when testator has not led the way? If it is claimed that the two-sixths set apart for the brother and sister in the third paragraph of the fourth article were irrevocably disposed of, and therefore the disposition of the same interest by the fifth article is nugatory, the answer is that the two are quite consistent. The testator's intention is not to be thwarted by a mere matter of arrangement and composition. The placing of the substitutionary disposition in a separate article does not change or nullify its evident purpose. I have looked among the 150 pages of briefs submitted for authority to cut off the fifth article, and have looked in vain. It is the last testamentary expression, and I see no more reason to disregard it than for disregarding any paragraph in the fourth article.

Nor do I find any authority for saving the remainder to the nephew and niece. That remainder is limited upon a trust for three lives as to the two-sixths bequeathed to the use of the widow and as to the four-sixths bequeathed in equal parts to the use of the brother and sister. If that fact did not render the disposition of the remainder void, it could not be preserved by rejecting the void trust and allowing the remainder to vest immediately without subverting the entire scheme of the will.

Nor am I any more successful in an attempt to discover among the pages of the briefs any authority for holding that perhaps the

beneficiaries under the will will die in such order as to effect the intention of testator without violating any provision of law. For instance, the widow may predecease the brother and sister, and thus the fifth article could never come into operation. But the will was effected, not by events, but by the testator. The Revised Statutes provide that:

"The absolute ownership of personal property shall not be suspended by any limitation or condition whatever for a longer period than during the continuance and until the termination of not more than two lives. * * *" 1 Rev. St. (1st Ed.) 773, pt. 2, c. 4, tit. 4, § 1.

The suspension is effected by the act of testator, and, if it exists at all it exists at the death of testator when the will takes effect. It is of that date the court sits in judgment. It may appear that on account of age and number of beneficiaries the court can say that perhaps, and even probably, the obnoxious testamentary provisions will never take effect. But such balancing of legislative provisions is not permissible. It turns the court out of the domain of law into the uncertain field of speculation. That theory has been judicially condemned. Schettler v. Smith, 41 N. Y. 328. When the language and intent of a testator are free from ambiguity they cannot be changed by construction. Wadsworth v. Murray, 161 N. Y. 274, 55 N. E. 910, 76 Am. St. Rep. 265. If the primary tenet laid down for the guidance of courts, which requires them to ascertain the intention of the testator, is to be adhered to, it must be observed, even though it leads to the destruction of the testamentary act. Fargo v. Squiers, 6 App. Div. 491, 39 N. Y. Supp. 648.

These considerations again lead me with reluctance to the conclusion that testator did not effect his intentions, but left a will which cannot be enforced. Plaintiff, therefore, is entitled to judgment that said Simon M. Simson died intestate, and that his estate should be divided as prescribed by the statute of distributions.

The motion for a new trial is denied. Costs to all parties payable out of the estate. Submit findings on notice.