UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Will of PETER B. TAYLOR, Deceased, Appellant, Respondent, *v.* IRVING K. TAYLOR and Others, Respondents, Impleaded with JOHN M. PERRY, Respondent, Appellant.

First Department, July 9, 1920.

Wills — bequest of life estate with remainders to " next heirs " — when remainders vest at death of testator — " divide and pay over " rule — " next heirs " defined.

Where a testator divided his estate into a specified number of equal parts and gave four of said parts to his sister if she should be living at the testator's death for her own use and benefit forever, " and if she be then dead, then to my next heirs by blood," to be distributed according to the Statute of Distribution, and further provided that in the case of the death of said sister or of another beneficiary before testator the trusts created for their benefit should fail and be of no effect and in that case the executors were directed to distribute their portions of the trust estate to " my next heirs by blood according to the Statute of Distribution," and further by another paragraph provided that if said sister should be living at testator's death a certain proportion of his estate should go to a trust company to collect the income and pay the same over to said sister for and during her life, " and on her death to convey, pay over and distribute the whole capital " of said shares " among my next heirs by blood according to the Statute of Distribution," the remainders created by the will aforesaid became vested in the remaindermen at the death of the testator and the vesting thereof was not postponed until the death of said life tenant.

There is no incongruity in the life tenant having a vested interest in a portion of the remainder.

The so-called " divide and pay over " rule of construction is merely a canon of construction and is subsidiary to the general intention of the testator

as expressed in his will and is merely invoked as an aid in the ascertaining of such intention.

The term " next heirs " means heirs at the testator's death, otherwise the word " next " can have no significance.

APPEAL by the plaintiff, United States Trust Company of New York, as trustee, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 21st day of August, 1919, upon the decision of the court, rendered after a trial at the New York Special Term, and appeal by the defendant, John M. Perry, from part of said judgment.

*M'Cready Sykes* of counsel [*W. A. W. Stewart* with him on the brief]; *Stewart & Shearer*, attorneys, for the appellant United States Trust Company of New York, as trustee, etc.

*Hersey Egginton* of counsel [*Francis C. Nickerson* with him on the brief]; *Larkin & Perry*, attorneys, for the appellant John M. Perry.

*Maurice J. Moore*, for the respondents Irving K. Taylor and others.

*John Francis Moore*, for the respondents Charles Buchanan and others.

GREENBAUM, J.:

This case turns upon the question as to whether the " next heirs by blood " of the testator should be determined as of the date of his death or as of that of the life tenant. It involves the interpretation of decedent's will and particularly paragraph " Fifth " thereof as to whether the estate given to testator's " next heirs by blood " under that paragraph of the will was vested or contingent.

Paragraph " Fourth " reads: " I direct my executors hereinafter named to divide all the rest, residue and remainder of my estate, real and personal, of whatsoever kind or nature and wheresoever situated, of which I may die seized or possessed or be in any way entitled to, into twenty-two equal parts or portions, which parts or portions I give and bequeath and direct my executors to pay over and distribute as follows: Five of said twenty-two parts to my nephew, Burnett T.

Kirby, if he be then living and if he be dead then to his children in equal parts.

" Five other of said twenty-two parts to my niece Kate M. Kirby if she be then living and if she be then dead then to her lawful issue, if any, and in default of such issue then to the children of her brother, Burnett T. Kirby, in equal shares.

" Four other of said twenty-two parts to my sister Jeannie McKewan, if she be living at the time of my death, for her own use and benefit forever, and if she be then dead, then to my next heirs by blood to be distributed between them by my executors according to the Statute of Distribution of the State of New York."

Paragraph " Fifth " reads as follows: " If my sister Jeannie McKewan shall be living at the time of my death then in that case I give and bequeath four other of said twenty-two parts to the United States Trust Company in the City of New York, upon the trusts and to and for the uses and purposes following, that is to say: in trust to collect and receive all the rents, profits, dividends, interest moneys and income arising therefrom and after paying all taxes, charges, costs and expenses thereon and incident thereto, to pay over the net annual income thereof in quarterly payments to my sister, Jeannie McKewan, for and during her life, and on her death to convey, pay over and distribute the whole capital of such four parts to and among my next heirs by blood according to the Statute of Distribution of the State of New York."

Paragraph " Eighth " of the will reads as follows : " In case of the death of my sister, Jeannie McKewan or of my nephew, William A. McKewan, before me, by reason whereof any of the trusts herein mentioned and created for her and his benefit respectively, under the fifth and sixth clauses of this will, should fail and be of no effect, then in that case I give and bequeath and direct my executors to convey, pay over and distribute the parts herein so given and bequeathed, in trust, for her or his benefit, to my next heirs by blood according to the Statute of Distribution of the State of New York."

If the remainders are to be considered as vested at the testator's death, which occurred in 1899, the defendant Perry is entitled to one-third of the trust fund. On the other hand,

if the remainder vested upon the death of the life tenant, which occurred in 1918, he receives but a two-elevenths interest.

The trial court found that the remainder was not a vested one. The learned court (See 108 Misc. Rep. 514) relied principally upon the fact that this was a " divide and pay over " bequest and upon the point that the life tenant, if the remainder were to be regarded as vested, would take not only the life estate, but also a one-fourth interest in the trust fund as one of the heirs at law.

As to the last-mentioned consideration it has been frequently held that there is no incongruity in a life tenant having a vested interest in a portion of the remainder. In *Connolly v. Connolly* (122 App. Div. 492, 495) it was held that the fact that the five children of the testator " were also beneficiaries of the trust created for their respective lives is no obstacle to their taking vested remainders, limited upon said trust estate," citing *Doane v. Mercantile Trust Co.* (160 N. Y. 494) and cases therein cited on page 499.

In *United States Trust Co. v. Terry* (167 App. Div. 152) the residuary clause of a will provided that upon the happening of certain contingencies therein described, the residue of the testator's estate was given " unto my heirs at law and next of kin, living at the time of my decease."

The court in construing the effect of the last-quoted words stated (at p. 160): " The provisions of the residuary clause are substitutional, one person or class being substituted for another. The determinative event in each case is the death of the testator, none other being expressed or implied. Each person or class takes all or none of the residue. It is not convincing to suggest that the testator must have meant something other than his words plainly import upon the assumption that it is an incongruity intolerable in law for the life beneficiary of a trust, the funds of which by the terms of the will and codicil may be invested in securities of fluctuating value, to have a vested remainder in the surplus of the corpus of the trust fund after the payment of demonstrative legacies large in amount to legatees uncertain in number." (Citing *Doane v. Mercantile Trust Co., supra,* and other cases.)

In *Simonson v. Waller* (9 App. Div. 503, 515) the court

said: " Where the gift is of a life interest, and upon the failure of the remainder the residuary estate passes to the next of kin, which, in this case, must necessarily be the next of kin under the statute, it has been expressly decided by courts of the highest authority in England that the life tenant being one of the next of kin does not prevent a share of the residuary estate passing to him."

That case was referred to in *Doane* v. *Mercantile Trust Co.* (*supra*) in the following language: " Mr. Justice PATTERSON in an able opinion in *Simonson* v. *Waller* (9 App. Div. 503), which was the case of a foreign will, points out that the law of England does not exclude the life tenant from the next of kin existing at time of testator's death.

" The following English cases are cited as bearing upon the point: *In re Morley's Trusts* (25 Weekly Rep. 825); *Wharton* v. *Barker* (4 Kay & J. 483); *Bullock* v. *Downes* (9 H. of L. Cases, 1); *Pearce* v. *Vincent* (1 Cr. & M. 598), which involves a devise of real estate; *Urquhart* v. *Urquhart* (13 Sim. 613), as to personalty; *Seifferth* v. *Badham* (9 Beav. 370); *Nicholson* v. *Wilson* (14 Sim. 549); Jarman on Wills (5th Am. from 4th London ed., vol. 2, page 677, and additional cases cited at page 680, note i)."

A review of the authorities shows an unbroken line of decisions both in England and in this State holding that the fact that the life tenant is also one of the next of kin does not prevent a share in the remainder from being vested in him.

As to the application of the so-called " divide and pay over " rule of construction, it has been held that this rule being merely a canon of construction, must be subsidiary to the general intention of the testator as expressed in the will. In *Fulton Trust Co.* v. *Phillips* (218 N. Y. 573, 582, 583) the court said: " The ' divide and pay over rule ' like all other rules which courts utilize to aid in the interpretation of wills is available to facilitate them in ascertaining the real intention of the testator. In searching for the intention of the testator, where there is nothing in the will which bespeaks a contrary purpose, the ' divide and pay over rule ' may furnish valuable aid. Notwithstanding the criticism to which the rule has been subjected [*Dickerson* v.

*Sheehy*, 156 App. Div. 101; affd., 209 N. Y. 592], we recognize the force of the rule and have not hesitated to give it effect when to do so aids in the discovery of the intention of the testator."

It is well settled that the law favors the vesting of estates. Thus in *Hersee* v. *Simpson* (154 N. Y. 496, 500) the court said: " The rule is well settled in this State that a remainder is not to be considered as contingent in any case where, consistently with the intention of the testator, it may be construed as being vested."

An examination of paragraphs " Fourth " and " Eighth " of the will above quoted discloses that the testator thereby provided that if his sister Jeannie McKewan should predecease him then the four-twenty-seconds of his estate, by article " Fifth " of the will, shall at once be paid over to his " next heirs," meaning of course, those who were his heirs upon his death.

As was stated in *Matter of Birks* (69 L. J. Ch. [N. S.] 124; 81 L. T. [N. S.] 741): " It is not a canon of construction, but only a concise way of putting a principle of common sense, to say that when a testator has made a dictionary for himself, we must look at that to see in what sense he has used the words in his will. * * * If we find from a will, as we do here, that a testator has used a word in a particular sense, we must give it that meaning wherever it occurs in the will."

Applying the rule stated in the *Birks* case to the case at bar we have the unmistakable fact that in paragraphs " Fourth " and " Eighth " of the will, the words " next heirs " meant the heirs living at the time of testator's death. It thus inevitably follows, if we adopt a uniform construction of the words used by the testator, that the words " next heirs " used in paragraph " Fifth " meant the heirs living at the time of his death.

In a case arising upon a quite similar state of facts (*Matter of Embree*, 9 App. Div. 602; affd. on the opinion of the court below in 154 N. Y. 778) the rule was laid down that " Even though there be no other gift in the will than that contained in a direction to pay or distribute in the future, yet if such payment or distribution appear to be postponed for the

convenience of the estate only (as to let in some intermediate estate), the ulterior legatees will take a vested interest at the death of the testator."

An examination of the will in question shows clearly that the only reason for postponing the payment to the remainder-man of the property constituting the trust fund created for the benefit of Jeannie McKewan was to provide for her the income thereon during her life.

The appellant's contention that the case falls directly within the rule of *Matter of Embree* is convincing and the interest of the remainderman under the authority of that decision must be held to have been vested at the death of the testator.

The contention of the respondent that the *Embree* case has in effect been overruled by the Court of Appeals in *Wright* v. *Wright* (225 N. Y. 329) is not sound. The estate in the *Wright* case was contingent upon a condition that " it [the library] shall be maintained at all times as a free circulating library." Such a bequest was clearly conditional and did not come within the definition of a vested estate as stated in section 40 of the Real Property Law, which reads as follows: " A future estate  *  *  *  is vested when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain."

The present case, on the other hand, falls directly within the foregoing definition of a vested estate.

By the use of the word " next " in conjunction with the word " heirs," the testator has with particular certainty indicated that the word " heirs " be given its primary technical meaning, that is, the heirs immediately following him at his death. Black's Law Dictionary defines " next " as " nearest; closest; immediately following." Any other construction would have the double effect of erasing the word " next " from the will entirely, and of disregarding or distorting the meaning of the word " heirs." Unless the term " next heirs " means the heirs at testator's death, the word " next " can have no possible significance or office. As the court says in *Matter*

First Department, July, 1920.          [Vol. 193.

*of Buechner* (226 N. Y. 440, 443): "Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant. Excision is a 'desperate remedy' (*Adams* v. *Massey*, 184 N. Y. 62, 69)."

If the term "heirs" be deemed otherwise ambiguous then the testator has himself defined his use of it and resolved the ambiguity beyond cavil in the "Fourth" and "Eighth" paragraphs of his will. The testamentary scheme planned a division of the estate into twenty-two equal parts. In the last subdivision of paragraph "Fourth" he disposes of four of the twenty-two parts by the following language: "Four other of said twenty-two parts to my sister Jeannie McKewan, if she be living at the time of my death, for her own use and benefit forever, and if she be then dead, then to my next heirs by blood to be distributed between them by my executors according to the Statute of Distribution of the State of New York."

And in the "Eighth" paragraph he provided: "In case of the death of my sister, Jeannie McKewan or of my nephew, William A. McKewan, before me, by reason whereof any of the trusts herein mentioned and created for her and his benefit respectively, under the fifth and sixth clauses of this will, should fail and be of no effect, then in that case I give and bequeath and direct my executors to convey, pay over and distribute the parts herein so given and bequeathed, in trust, for her or his benefit, to my next heirs by blood according to the Statute of Distribution of the State of New York."

Obviously the testator knew that, if the alternative provisions in these two paragraphs in favor of his next heirs by blood were to take effect at all, they must take effect at his death. We have here a situation quite analogous to that presented to the Court of Appeals in *Matter of Tienken* (131 N. Y. 391, 406, 407), where the court said: "It is quite difficult to conceive that the testator used the words 'my children' in an ambulatory, changing or ambiguous manner; that in his thought it meant or might mean four of them at his death, three of them upon a sale under the fifth clause, two of them at a sale under the sixth clause, and one or none at the end of the trust if such deaths should occur along the

line; and that without any specific words of survival or any appropriate provision for the emergencies. It is more reasonable to say that the phrase used in one sense at the beginning and at the end of the will was used in the same sense in the clause of distribution."

In the case at bar if the trial court's interpretation is to stand, the testator's next heirs signify one set of persons under the " Fourth " and " Eighth " paragraphs, a different set under the " Fifth " paragraph, and a still different set under the " Sixth " paragraph (which sets up a trust in favor of William A. McKewan in language similar to that of the " Fifth " paragraph). Such an inconsistent use of language should not be imputed to the testator, if it can be avoided.

The judgment should be modified in accordance with the foregoing views, and as so modified affirmed.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concur.

Judgment modified in accordance with opinion, and as so modified affirmed. Settle order on notice.