In the Matter of the Estate of Emile A. Thomas, Deceased.

Surrogate's Court, New York County, June 8, 1926.

Wills — construction — testatrix created trust in favor of three brothers and nephew and directed that upon death of two of said beneficiaries residuary estate should be distributed " among my heirs at law according to the Statute of Distribution of the State of New York "— remainders vested — use of words " heirs at law " is synonymous with term " next of kin "— decedent's heirs at law and next of kin at death included three brothers and nephew — words " heirs at law " deemed to have referred to living brothers and nephew at decedent's death — fund should be distributed one-fourth each to estates of said brothers and nephew.

A will by which testatrix created a trust in favor of three brothers and a nephew with the direction that, upon the death of one brother and said nephew, her residuary estate should be distributed " among my heirs at law according to the Statute of Distribution of the State of New York " should be construed,

upon the termination of the trust, as indicating an intention on the part of the decedent to effect a distribution of said residuary estate, one-fourth each to the estates of her brothers and nephew, where at the time she died there were living said three brothers and the nephew.

The remainders given by said provision of the will are vested remainders. The words " heirs at law " used by decedent being synonymous with the words " next of kin " must be deemed to refer to her living brothers and nephew at the time of her death.

ACCOUNTING proceeding involving construction of will.

*Edward S. Frith,* for the trustees.

*Daniel A. Boyle,* for the respondent Mary F. Bremer.

*J. Harry Hull,* for Alice M. Hewes.

*Walter S. Newhouse,* for Mary H. Smyth.

FOLEY, S.    This is an accounting proceeding by a trustee in which the court is asked to construe the 8th paragraph of the will of testatrix.    The testatrix died on August 22, 1905.    At that time her heirs at law and next of kin were her three brothers, Henry, James and Winfield Hewes, and her nephew, Peverill Hewes Smyth, the son of a deceased sister,    By the 7th paragraph of her will she gave a fifth of her residuary estate to her brother Henry.    The other four-fifths she gave in trust to her trustee during the lives of her brother Winfield and her nephew Peverill, with the direction to pay the income equally to her niece, Mary Florence Bremer, her brothers James and Winfield, and her nephew, Peverill Smyth. This paragraph further provided that should any of the beneficiaries die before the termination of the trust, the income was to be paid to the survivors.    The trust has terminated, and question arises as to the proper distribution to be made of the fund under the 8th paragraph of the will, which reads as follows:    " Upon the death of my said brother Winfield S. Hewes and of my nephew Peverill Hewes Smyth, I direct that all my said residuary estate be distributed among my heirs at law according to the Statute of Distribution of the State of New York."

The trust fund consists of personalty only.    The use of the words " heirs at law " in paragraph 8th may be taken as synonymous with the term " next of kin."    The distribution to be ordered herein will not be varied by this simple amendment.

All the next of kin of testatrix at the time of her death died before the termination of the trust.    At that time her niece, Mary Florence Bremer, the daughter of Henry W. Hewes, was her only surviving next of kin.    The entire trust fund is claimed by the latter, and the question presented here is whether she is solely entitled

thereto, or whether the fund should be distributed to the representatives of the estates of those who were her next of kin at the time of the death of testatrix.

The will is a simple one, and the intention of the testatrix is clearly expressed. This is not a case of ambiguous language, or the creation of contingent remainders, where the " divide and pay over " rule must be invoked to aid construction. The remainders given by the 8th paragraph of the will are vested remainders. (Real Property Law, § 40; *Matter of Tienken*, 131 N. Y. 391.) While the gift of the remainder is contained in a direction to distribute the fund upon the termination of the trust, there is nothing in the will to indicate any intention on the part of the testatrix to postpone vesting, or to make participation therein contingent upon survivorship. (*Robinson* v. *Martin*, 200 N. Y. 159; *Riker* v. *Gwynne*, 201 id. 143.) This conclusion is amply justified by the express language of the will. In paragraph 7 the testatrix provides for the payment of the income of the trust to the survivors of the four beneficiaries, but in the 8th paragraph no reference to survivorship is made in disposing of the principal. In my opinion this is significant and controlling. It is well settled that the words " heirs at law " or " next of kin " used in a will refer primarily to those answering that description at the date of testator's death, unless a contrary intention appears. (*Matter of Bump*, 234 N. Y. 60; *U. S. Trust Co.* v. *Taylor*, 193 App. Div. 153; affd., 232 N. Y. 609; *Matter of White*, 213 App. Div. 82.) In the case last cited Mr. Justice McAvoy says (p. 85): " The general rule of testamentary construction is, that in the absence of a clear distinction to the contrary, the class described by the testator as heirs and next of kin, to whom a remainder interest is given by the will, is to be ascertained as of the time of his death. This construction is not changed by the fact that a life estate may precede the bequest to the heirs at law or next of kin, nor by the circumstance that the bequest to such heirs or next of kin is contingent on an event that may or may not happen. There must be a clear intention manifested by the will to make a different disposition of the property where the bequest is to heirs at law and next of kin to take it out of the rule that heirs at law and next of kin so described will be determined as referring to those who are such at the time of testator's death. The reason for the rule is said to be that the words cannot be used properly to designate anybody other than those who answer to the description at the time of testator's death. It is said that such a mode of ascertaining the beneficiary implies that the testator has exhausted his specific wishes upon the previous limitations and is content thereafter to let the law take its

course.   The rule has been held to be applicable to an executory devise or a contingent remainder."

The foregoing statement of the law is applicable here.   There is no evidence of an intention on the part of the testatrix to depart from this rule in making a different disposition of her property. In the instant case the bequest of the remainders is to " my heirs at law according to the Statute of Distribution of the State of New York," and not merely to the heirs at law of testatrix.   By this language she evidently intended those to take who would be her next of kin at the time of her death.

I hold, therefore, that the fund should be distributed one-quarter to Mary Florence Bremer, as administratrix c. t. a. of Henry W. Hewes, one-quarter to her, as administratrix of Winfield S. Hewes, one-quarter to Alice Martin Hewes, as executrix of James A. Hewes, and one-quarter to Mary Havens Smyth, as administratrix of Peverill H. Smyth, deceased.

Submit decree on notice accordingly.