Prepared by State Reporter from Appeal Papers

play had reverted to plaintiffs by reason of defendants' failure to produce it within the time named in contracts between the parties.

*Benjamin Pepper* and *M. L. Malevinsky* for appellants.
*Joseph J. Myers* for respondents.

Judgment affirmed, with costs; no opinion.
Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of the Accounting of CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY, as Trustee under the Will of EMILE A. THOMAS, Deceased.

MARY F. BREMER, Appellant; ALICE M. HEWES, as Executrix of JAMES A. HEWES, Deceased, et al., Respondents.

*Will — trust — residue to be divided amongst heirs' at law according to Statute of Distribution — rights in residue vested in heirs living at date of death.*

*Matter of Thomas,* 218 App. Div. 755, affirmed.
(Argued March 31, 1927; decided May 3, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 5, 1926, which unanimously affirmed a decree of the New York County Surrogate's Court construing the will of Emile A. Thomas, deceased, and directing distribution of the residuary estate. Testatrix by her will created a trust for the benefit of a brother, nephew and niece and directed that upon the death of the brother and nephew her residuary estate be divided amongst her heirs at law according to the Statute of Distribution. At her death her heirs were three brothers and a nephew; at the time for distribution the niece was the only heir at law. The surrogate held that rights in the residue vested at the time of the death of testatrix and

that it should be divided between the personal representatives of the heirs living at that date.

*Daniel A. Boyle* for appellant.

*Louis G. Hart, Jr.*, and *J. Harry Hull* for Alice M. Hewes, as executrix of James A. Hewes, deceased, respondent.

*Walter S. Newhouse* for Mary H. Smyth, as administratrix of Peverill H. Smyth, deceased, respondent.

Order affirmed, without costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

WILLIAM F. O'DONNELL, as Administrator of the Estate of LORETTA O'DONNELL, Deceased, Respondent, *v.* W. LOUIS JOHNSON, Appellant.

*Negligence — motor vehicles — evidence — pedestrian killed at street crossing by being struck by automobile — reception in evidence of photograph of deceased.*

*O'Donnell* v. *Johnson*, 218 App. Div. 857, affirmed.

(Argued March 31, 1927; decided May 3, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 22, 1926, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Intestate was struck by defendant's automobile while crossing Bergen street at Sixth avenue in the borough of Brooklyn. The complaint alleged that at the time of the accident defendant was making a left-hand turn, cutting inside the intersection of the center lines of the two streets, without sounding his horn, and proceeding at a rate of speed in excess of that prescribed by the ordinance. During the trial of the action a photograph of the decedent was introduced in evidence by plaintiff's counsel. Defendant contended this was error.