In the Matter of the Will of HARVEY CHALMERS, Deceased. ARTHUR A. CHALMERS, Appellant; DAVID W. CHALMERS et al., as Executors of ANNIE CARR CHALMERS, Deceased, et al., Respondents.

(Argued March 2, 1934; decided April 17, 1934.)

*Alfred D. Dennison* and *Charles S. Nisbet* for appellant. The remainders to the heirs or next of kin of the deceased daughter could not vest or be determined at the date of testator's death. (*Berlenbach* v. *Chemical Bank,* 235 App. Div. 170; 260 N. Y. 539; *Cushman* v. *Horton,* 59 N. Y. 149; *Heath* v. *Hewitt,* 127 N. Y. 166; *Doctor* v. *Hughes,* 225 N. Y. 305; *Matter of Mersereau* v. *Katz,* 200 App. Div. 875; 233 N. Y. 540; *Whittemore* v. *Equitable Trust Co.,* 162 App. Div. 607; *Rasquin* v. *Hamersley,* 152 App. Div. 522; *Matter of Kimberly,* 150 N. Y. 90; *Herzog* v. *Title Guaranty & Trust Co.,* 177 N. Y. 86.) The remainders are contingent because futurity is annexed to the substance of the gift. (*N. Y. Life Ins. Co.* v. *Winthrop,* 237 N. Y. 93; *Matter of Baer,* 147 N. Y. 348; *Matter of Crane,* 164 N. Y. 71; *Delaney* v. *McCormack,* 88 N. Y. 174; *Delafield* v. *Shipman,* 103 N. Y. 463; *Clark* v. *Cammann,* 160 N. Y. 315; *Matter of Pulis,* 220 N. Y. 196; *Matter of Newkirk,* 233 App. Div. 168; *Metropolitan Trust Co.* v. *Krans,* 186

App. Div. 368; *May* v. *May*, 209 App. Div. 19; *Salter* v. *Drowne*, 205 N. Y. 204; *Watson Realty* v. *Rothschild*, 255 N. Y. 332; *Matter of Burrows*, 259 N. Y. 449.) The remainderman could not be determined upon the death of the deceased daughter because the bequest is to an uncertain class and futurity is annexed to the substance of the gift. (*N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127; *Bisson* v. *West Shore R. R. Co.*, 143 N. Y. 125; *Matter of Westchester Trust Co.*, 173 App. Div. 403; 219 N. Y. 638; *Matter of Allen*, 151 N. Y. 243; *Teed* v. *Morton*, 60 N. Y. 502; *Matter of Kimberly*, 150 N. Y. 90; *Matter of King*, 200 N. Y. 189; *Magaw* v. *Field*, 48 N. Y. 668; *Matter of Barrett*, 132 App. Div. 134; *Matter of Canfield*, 136 Misc. Rep. 551; 256 N. Y. 610.) Heirs at law in the will should not be interpreted next of kin. (*Matter of Knapp*, 206 App. Div. 260; *Cushman* v. *Horton*, 59 N. Y. 149; *Matter of Barker*, 230 N. Y. 364; *Lawton* v. *Corlies*, 127 N. Y. 100; *Johnson* v. *Brasington*, 156 N. Y. 181; *Wallace* v. *Diehl*, 202 N. Y. 156; *Stewart* v. *Siblett*, 235 App. Div. 589.)

*Lawrence B. Mc Kelvey* and *Daisy Snook Borst*, as special guardian, for David W. Chalmers et al., respondents. The remainders in question were vested in the widow at the time of her death and passed to the respondents as part of her estate, by virtue of the provisions of her will. (*Tompkins* v. *Verplanck*, 10 App. Div. 572; *Montignani* v. *Blade*, 145 N. Y. 111; *Hope* v. *Brewer*, 136 N. Y. 126.) The law favors the vesting of estates, never presuming, in the absence of clear and unequivocal language, the intent that a bequest or devise shall be deemed contingent or uncertain, either as to beneficiary or otherwise. (*Hersee* v. *Simpson*, 154 N. Y. 496; *Matter of Lockwood*, 192 App. Div. 850; *Connelly* v. *O'Brien*, 166 N. Y. 406; *Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381; *Cammann* v. *Bailey*, 210 N. Y. 19.) Even though the members of the class designated as remainder-

242

men may change by the death of some and the addition of others before the life estate intervening may have actually terminated, the legal title to the remainder vests, subject to being divested or modified by such subsequent event. But it vests, nevertheless, and vests immediately, at the instant of testator's death. (*Matter of Grefe*, 140 Misc. Rep. 134; *Matter of Graham*, 145 Misc. Rep. 628; *Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381.) The real intent and purpose of the testator, in so far as the will discloses, is effectuated by the construction adopted by the courts below. (*Matter of Bump*, 234 N. Y. 60; *Nelson* v. *Russell*, 135 N. Y. 137; *Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381; *Riker* v. *Gwynne*, 201 N. Y. 143; *Connolly* v. *O'Brien*, 166 N. Y. 406; *Matter of Thomas*, 128 Misc. Rep. 260; *Matter of Barschall*, 146 Misc. Rep. 742; *Matter of Woodruff*, 135 Misc. Rep. 203; *Hersee* v. *Simpson*, 154 N. Y. 496.)

LEHMAN, J. Harvey Chalmers died September 1, 1927. His wife and five children survived. To each child he bequeathed the sum of $30,000 absolutely. Further provision for each of them, to take effect at the death of the testator's wife, was made in the will, through the establishment of trust funds. The testator's widow died in January, 1932. One daughter, Mrs. Grace Chalmers Burnap, died before her, leaving no descendants. The trust funds which the testator established for the lives of his wife and deceased daughter must now be distributed. The courts must construe the will to determine to whom the principal passes.

Paragraph IV of the will provides in part: " I give and bequeath to my trustees, in trust, however, the sum of Fifty Thousand Dollars and authorize them * * * to apply the net income therefrom to the support and maintenance of my wife, Annie Chalmers for and during the term of her natural life and from and after her decease to apply the net income therefrom to the support and

maintenance of my daughter Grace Chalmers Burnap, for and during the term of her natural life and upon her decease said trust fund to descend to the children and descendants and next of kin of said Grace Chalmers Burnap absolutely." Each of the other four children was given a similar interest in other trust funds of the same amount.

Paragraph XI of the will provides: "All the rest, residue and remainder of my estate * * * I give, devise and bequeath to my trustees in trust, however, * * * to collect the rents, issues, profits, interest and income therefrom and to pay such rents, issues, profits, interest and income to my wife Annie Chalmers for and during the term of her natural life; and from after the decease of my said wife, I order and direct that my said residuary estate be divided into five equal parts and I give, devise and bequeath one of said parts to my said trustees * * * to receive, take, hold, invest and reinvest such part and to collect the rents, issues, profits and income therefrom and to pay the same to my daughter, Grace Chalmers Burnap, for and during the term of her natural life, and from and after the decease of my said daughter, I give, devise and bequeath said part to her heirs at law absolutely."

Under the will, the fund of $50,000 passes upon the death of the life beneficiaries to the "children and descendants and next of kin" of Grace Chalmers Burnap, and one-fifth part of the residuary estate passes to "her heirs at law." The description covers the same persons. The testator in using the terms "heirs at law" and "next of kin" intended to describe the persons who would take real or personal property in accordance with the provisions of the Decedent Estate Law (Cons. Laws, ch. 13). (Cf. *New York Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93.) The statute prescribes: "All distinctions between the persons who take as heirs at law or next of kin are abolished and the descent of real property and the dis-

tribution of personal property shall be governed by this article except as otherwise specifically provided by law." (Decedent Estate Law, § 81.) If Mrs. Burnap had children or descendants, they would have been her " heirs at law " and " next of kin." In the absence of children, Mrs. Burnap's mother, if living, would at Mrs. Burnap's death succeed to both her real and personal property, at least, with the exception of any inheritance which came to Mrs. Burnap on the part of her father. (Decedent Estate Law, §§ 83–85.) In the present case the exception has no application. The persons, whoever they may be, described as heirs at law or next of kin, take no inheritance from Mrs. Burnap but take by direct gift from the testator. That much is certain; what is uncertain is the date at which the testator intended that the class described should be determined. If that date be the death of the testator or the death of Mrs. Burnap, then it is clear that Mrs. Burnap's mother is the sole person in that class. If the date is the time of distribution, *i. e.*, the death of both life beneficiaries, then Mrs. Burnap's brothers and sisters would constitute the class described.

Applying the rule that the policy of the law favors the vesting of estates (*Hersee* v. *Simpson*, 154 N. Y. 496; *Connelly* v. *O'Brien*, 166 N. Y. 406), the Appellate Division has held that, since Mrs. Burnap's mother was, at the time of the death of the testator, the only person who could answer the description or belong to the class of next of kin or heirs at law, she received a vested remainder in the funds of which she had a life interest. Assuming, without deciding, that the mother did, at the death of the testator, receive a vested interest in the remainder, it is clear that such interest was subject to being divested, if children had thereafter been born to Mrs. Burnap, or if the mother had died before the daughter. Other construction is plainly excluded. It was the testator's express intention that each of the funds created for the benefit of his wife and one child during their successive

lives should eventually go to the descendants of the child having a life interest in each fund, and to more distant relatives only if there were no descendants. The problem is not when the estate vested, but when the estate vested absolutely. The point of time which fixes the ascertainment of the class described and the vesting of their interests is the one to which we look in defining the class. " When we speak in this connection of the vesting of an interest, we mean, of course, a vesting that is absolute and final. * * * The only significant distinction for the purpose now in view is between an estate that is absolute and one subject to conditions." ( *New York Life Ins. & Trust Co.* v. *Winthrop, supra,* p. 103.) If at the death of the testator his wife took any estate, it was certainly subject to the conditions that no children be born thereafter to Mrs. Burnap, and that the wife should survive at least till the death of her daughter. The question remains whether the condition of survivorship annexed to the gift is survivorship at the time of distribution or survivorship at the time of the death of the daughter. Though ordinarily the terms " heirs at law " or " next of kin " are used to describe the persons who succeed, at the death of another, to his real or personal property, in case of intestacy, yet these terms are sometimes used in a looser sense, and it may appear from a will, read as a whole, that they refer to, " in the case of land, heirs apparent, or those who would be the heirs were the living ancestor deceased (*Heard* v. *Horton,* 1 Den. 168), and, in the case of personal property, next of kin, who would be such were the ancestor deceased (*Cushman* v. *Horton,* 59 N. Y. 151)." (*Montignani* v. *Blade,* 145 N. Y. 111, 122.) So, too, they may refer to those who would be heirs or next of kin at a fixed time, if the ancestor had lived till then. ( *New York Life Ins. & Trust Co.* v. *Winthrop, supra.*) Words in a will must be given the meaning which it appears the testator intended.

True, the search for intention is often a search after a

phantom. Probably that is the case here. The testator has clearly evinced his intention that after the death of his wife each child should enjoy for life the income from certain trust funds and that the remainder should be distributed at the death of the second life tenant to her descendants, heirs at law or next of kin. Perhaps the testator did not envisage the possibility that the first life tenant would survive the second, and that distribution would occur at any time other than at the decease of the second life tenant, the date stated in the will. We have no reason to think that if the testator did envisage such possibility, he cared whether the class of heirs at law and next of kin were fixed at one time or another. "The question in such circumstances is one not of intention in the proper sense, but of the legal implications of one formula or another." (*New York Life Ins. & Trust Co.* v. *Winthrop, supra.*)

In that case " the testator was mindful of the possibility that the daughter might die before the wife. Accordingly, he was careful to provide that only * * * ' upon the death of my said wife and daughter ' was the trustee to convey and deliver the subject-matter of the trust." So, too, in that case there was no direct gift, but only " one through the medium of a mandate to deliver and convey." These, together with other circumstances, there present and pointed out in the opinion, constrained this court to hold that " the will when read in its totality, is instinct with the desire to hold the ultimate gifts in abeyance until the termination of the trust, and thereupon to adapt and proportion them to the conditions then existing."

None of these circumstances are present here. As to part of his estate, the testator provided that " from and after the decease of my said daughter, I give, devise and bequeath said part to her heirs at law absolutely." Enjoyment might be postponed till a future time because a precedent life estate had not terminated, but the point

of time had arrived at which the gift was to take effect, and there is nothing to indicate that the testator intended to hold that gift in abeyance until the trust was terminated. Then the rule that the law favors the vesting of estates at the earliest time comes into play. We give effect to the implications of the formula where implications of actual intent are absent.

The fact that in this particular case the implications of the formula will result in the life tenant being vested also with a remainder which can never come into actual possession does not preclude the court from applying the formula. (*United States Trust Co.* v. *Taylor*, 193 App. Div. 153; affd., 232 N. Y. 609.) The testator might have given the remainder to a class limited to his descendants. He has not done so. He gave the remainder to those who at the daughter's death would, in case of her intestacy, be entitled to her real and personal property. He may have assumed that his wife would not then be living, but he did not indicate that if the assumption proved false his wife should not be entitled to the gift of the remainder, if at that time she came within the class described.

The order should be affirmed, with costs payable out of the estate to all parties, including the special guardians who have filed briefs.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.