## Second Department, February, 1945.

### (February 1, 1945.)

The People of the State of New York ex rel. Irving Chudnowsky, Relator, against Warden of City Prison, 149 Ashland Place, Brooklyn, New York, Defendant.— Return on writ of habeas corpus. Bail reduced to $25,000, writ dismissed and the relator remanded to custody. Present — Close, P. J., Hagarty, Adel and Lewis, JJ.

The People of the State of New York ex rel. Harvey Stemmer, Relator, against Frederick L. Moorehead, as Warden of Queens County Prison, Defendant.— Return on writ of habeas corpus. Bail reduced to $10,000, an undertaking with corporate surety to be given, writ dismissed and relator remanded to the custody of the Warden of Queens County Prison. Present — Close, P. J., Hagarty, Johnston and Lewis, JJ.

### (February 5, 1945.)

In the Matter of the Probate of the Will of Alexander G. Wilson, Deceased. John Wilson et al., Appellants; Victor L. Finan et al., as Executors of Alexander G. Wilson, Deceased, et al., Respondents.— Appeals by the testator's collateral relatives, by a special guardian, and by a testamentary *cestui que trust,* from a decree of the Surrogate's Court, Kings County, which admits a written instrument to probate as a will, construes paragraph " V " of the will, refuses approval of a compromise agreement between beneficiaries, and grants other relief. Decree modified on the law by striking from the second decretal paragraph all the words following the words " of the date " and substituting in place thereof the words " of the termination of the aforesaid trust ": and by striking out the third decretal paragraph. As thus modified the decree insofar as appealed .from, is unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. The language of the will makes clear the testator's intention to give his residuary estate to his distributees determined as of the date of the death of the second of the trust income beneficiaries. The language in this will should not be treated as was the language in the cases of *Matter of Thomas* (128 Misc. 260, affd. 218 App. Div. 755, affd. 245 N. Y. 550), *Matter of Roth* (234 App. Div. 474) and other cases where the will itself contained words of survivorship, used in such a setting as to be persuasive that the intention was to make survivorship as of the date of the testator's death determinative. The law favors early vesting but does not permit it where the intention of the testator is expressed to the contrary. The Surrogate correctly held that the proffered compromise agreement was governed by section 19 of the Decedent Estate Law and that his court was without power to approve it when one of the executors named in the will was not a party to the agreement and opposed its approval. Present — Close, P. J., Carswell, Johnston, Adel and Aldrich, JJ.