William T. Collins, S.
In her will the testatrix left the residue of her property in trust to pay the income to her sister Willinore M. Fosselman for life. “ Upon the death of my sister * * * I direct the surviving trustee to pay over the principal of the said trust to my heirs-at-law and next of kin.”
In this accounting proceeding the trustee has requested the court to determine whether the testatrix intended the remainder to pass to those persons who were in fact her heirs at law and next of kin or rather to those persons who would have been her heirs and next o'f kin had she died at the same instant as the income beneficiary of the trust.
A devise or bequest to “ heirs ”, “ Primarily, * * * is to be interpreted in its natural sense — those who are heirs at the death of the testator. (Nelson v. Russell, 135 N. Y. 137.) It is only when a contrary intention appears that this presumption fails.” (Matter of Bump, 234 N, Y. 60; Restatement, Law of Property, § 308; Matter of Chalmers, 264 N. Y. 239.) Because in this case the language (p. 66) is not of “ present gift, speaking as of the date of testator’s death ” as in the will considered in Matter of Bump, but a direction that the trustees “ pay over the principal ” after the death of the income beneficiary, we are required to consider whether the so-called ‘ ‘ divide and pay over rule ” supplies such “ contrary intention ”. (Salter v. Drowne, 205 N. Y. 204; Matter of Crane, 164 N. Y. 71; Matter of Newkirk, 233 App. Div. 168.)
*84 It is perhaps misleading to say that a direction to divide or pay over trust property at a future time among a class creates a contingent limitation by virtue of the “ divide and payover irule ”, for this implies an automation which no construction proceeding permits. Bather such a direction is one factor to be considered by the court in arriving at what must in each will be a unique determination of an intention possessed or to be attributed to a particular decedent. (Matter of Embree, 9 App. Div. 602, affd. 154 N. Y. 778; United States Trust Co. v. Taylor, 193 App. Div. 153, affd. 232 N. Y. 609; Bestatement, Property, § 260; 2 Powell on Beal Property, § 333.)
The courts have sometimes found a testamentary intention to convey principal to a fictitious class of heirs determined as of the date of termination of the trust where a primary gift in remainder is contingent and the gift in default to heirs has taken effect, the virus of contingency being held to infect the gift in default to heirs as well as the primary gift. (Farmers Loan & Trust Co. v. Callan, 246 N. Y. 481; New York Life Ins. Co. v. Winthrop, 237 N. Y. 93.) But this is not such a case. Nor does the court find any other “ contrary intention ” (Matter of Wilson, 269 App. Div. 665, revg. 48 N. Y. S. 2d 835; reversal affd. 294 N. Y. 903).
As the court said in Matter of White (213 App. Div. 82, 85) “ There must be a clear intention manifested by the will to make a different disposition of the property where the bequest is to heirs at law and next of kin to take it out of the rule that heirs at law and next of kin so described will be determined as referring to those who are such at the time of testator’s death. The reason for the rule is said to be that the words cannot be used properly to designate anybody other than those who answer to the description at the time of testator’s death. It is said that such a mode of ascertaining the beneficiary implies that the testator has exhausted his specific wishes upon the previous limitations and is content thereafter to let the law take its course.” (See, also, Matter of Thomas, 128 Misc. 260, affd. 218 App. Div. 755, affd. 245 N. Y. 550; Matter of Bump, supra; Matter of Banker, 60 N. Y. S. 2d 699; Matter of Baldwin, 99 N. Y. S. 2d 372; Davids on New York Law of Wills, §§ 659, 660; Hersee v. Simpson, 154 N. Y. 496; United States Trust Co. v. Taylor, supra; Matter of Chalmers, supra; Connelly v. O’Brien, 166 N. Y. 406.) The court accordingly holds that testatrix intended the remainder of the residuary trust to pass to those persons who were in fact her heirs and next of kin determined as of the date of her death.
*85 The court also holds that the adopted daughter of decedent’s predeceased brother is not an “ heir-at-law and next of kin ” within the meaning of article Sixth of the will. (Cf. Kettell v. Baxter, 50 Misc. 428; Winkler v. New York Car Wheel Co., 181 App. Div. 239; Hopkins v. Hopkins, 202 App. Div. 606, affd. 236 N. Y. 545; Matter of Hall, 234 App. Div. 151, affd. 259 N. Y. 637; Domestic Relations Law, § 115.)
Submit decree settling account of trustee, and construing will accordingly.