■ In the Matter of the Estate of JOHN C. VAN CLEAF, Deceased. CHASE MANHATTAN BANK, N. A., as Trustee under the Will of JOHN C. VAN CLEAF, Deceased, Respondent; MIDATLANTIC NATIONAL BANK (Formerly NATIONAL NEWARK and ESSEX BANK) et al., as Executors of MARY F. VAN CLEAF, Deceased, Repondents-Appellants; ROBERT I. HERBERT et al., Respondents-

Respondents.— Decree, Surrogate's Court, New York County, entered on November 19, 1973, so far as appealed from, affirmed for the reasons given by the Surrogate in his decision, with $60 costs and disbursements to all parties filing briefs, payable out of the estate. Concur — Murphy, Capozzoli and Moore, JJ.; Kupferman, J. P., dissents in the following memorandum: John C. Van Cleaf died in 1920. His son, John C. Van Cleaf, Jr. died in 1933, leaving his mother Mary as his sole next of kin. She survived her husband by 50 years, dying in 1970. Mr. Van Cleaf, Sr.'s will left his residual estate in trust divided in two parts for the wife and son as follows: " As to the two-thirds share set apart for my said wife, to pay the income therefrom to her during her life and upon her death to my said son John C. Van Cleaf, Jr. Upon the death of my said son, the principal of said fund shall be paid to the next of kin of my said son then surviving. * * * As to the one-third share set apart for my said son to pay the income therefrom to my son until he becomes thirty years of age, when one-half the principal shall be paid to him and the income on the balance. Upon his death the balance of said principal shall be paid to his next of kin then surviving." The one-third share was paid over to the mother pursuant to court decree in 1933 on the son's death. Mrs. Van Cleaf left a will purporting to dispose of the principal of the two-thirds trust share created for her benefit, and from which she had received the income during her life, to certain relatives. The question is whether the remainder of the trust of that share is to be paid to the son's next of kin determined as of the date of the son's death, or as of the date of the mother's death, which marks the termination of the trust. Resolution of this question will determine whether the relatives named by the mother in her will or the cousins of John, Jr. as his next of kin at the mother's death, will benefit. The conclusion is really of little concern to anyone except the relatives involved, and either interpretation has a rational basis. I believe, however, that the better view under the circumstances hereinafter described, which is also in accord with the presumed intention of the testator, is that the mother should be considered the next of kin, and, therefore, her will disposition should control. Initially, the very language states: " *Upon the death of my said son,* the principal of said fund shall be paid to *the next of kin of my said son then surviving.*" (Italics added.) Next, while not an adversary proceeding in the usual sense, the action of Surrogate Foley in 1933 in amending the order fixing transfer tax on the basis that the son's death transferred the remainder to the mother, is entitled to great weight as an interpretation. Finally, it is doubtful that the testator intended to leave to a future indefinite time the determination as to who the next of kin might be as to the two-thirds share, when the determination with respect to the one-third trust share, on practically the same language, was made at his son's death. (*Matter of Chalmers,* 264 N. Y. 239.)