In the Matter of the Estate of FRED E. SYMONDS, Deceased,

Fourth Department, January 16, 1981

APPEARANCES OF COUNSEL

*Giles, Malony, Marsh, Swartz & Goodwin (Clarence F. Giles* of counsel), for appellant.

*Willmott, Wisner, McAloon, Scanlon & Saunders (Steven C. Haas* of counsel), for respondent.

### OPINION OF THE COURT

CARDAMONE, J.

We must construe the sixth paragraph of the will of Fred E. Symonds to determine the ownership interests in a farm in Hounsfield, New York. He drew a will in 1948, the sixth paragraph of which provided: "SIXTH: I give to my son, Chester G. Symonds, and his wife, Thelma Symonds, or the survivor of them, a life use of my farm situate in the Town of Hounsfield, Jefferson County, New York. At the

death of my said son, Chester, and his wife, Thelma, the title to said farm shall pass to and vest in my heirs at law, next of kin and distributees as determined by the laws of the State of New York at the date of my death". At his death in 1951 he left surviving a son, Chester G. Symonds, and a daughter, Irene S. Ramsey. Mrs. Ramsey died in 1958 leaving a surviving son, Leon A. Ramsey, Sr. Chester Symonds' wife, Thelma, predeceased him and Mr. Symonds married again. Finally, Chester Symonds died in 1979 survived by Emma, his second wife. The instant litigation for ownership of the farm is between Emma Symonds and Leon A. Ramsey, Sr.

Emma Symonds as executrix of the estate of Chester G. Symonds claims that the remaindermen heirs at law who take title to the farm are determined as of the date of Fred E. Symonds' death. If so, her husband's estate would be entitled to a one-half interest and Leon Ramsey, Sr., the only survivor of Irene Ramsey, would be entitled to the other one-half interest. Leon Ramsey contends that since he is the only heir surviving his grandfather, Fred E. Symonds, at the termination of the life estate (which terminated upon the death of the remaining life tenant, Chester), he has the sole interest in the farm.

The acting Surrogate of Jefferson County construed the will of Fred E. Symonds in favor of Leon A. Ramsey, Sr. The estate of Chester G. Symonds has appealed. There should be an affirmance.

The first principle in all construction proceedings is the intention of the testator as expressed in his will, and all other rules of interpretation are subordinate to this primary one. This rule is well stated by Judge BURKE writing for the Court of Appeals in *Matter of Fabbri* (2 NY2d 236) where he says (at p 240): "This intent, as we have often said, must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed." (See, also, *Matter of Kosek*, 31 NY2d 475, 483; *Matter of Thall*, 18 NY2d 186, 192; *Matter of Dammann*, 12 NY2d 500, 504.)

Having this principle in mind we look at the words used

in the will on the crucial issue of vesting. This sixth paragraph reads: "At the death of my son, Chester, and his wife, Thelma, the title to said farm shall pass to and vest in my heirs at law, next of kin and distributees as determined by the laws of the State of New York at the date of my death." "At the date of my death" is an ambiguous phrase which we are persuaded modifies the words "laws of the State of New York" which immediately precede it. Recognizing the ambiguity of this prepositional phrase requires us to examine the entire will to ascertain the testator's intent. A reading of the entire will establishes that the testator did not intend the right to a remainder interest to vest at the date of his death.

This will reveals that after payment of debts and funeral expenses (1st paragraph) testator made personal bequests to his daughter (2nd paragraph) and son (3rd, 4th and 5th paragraphs). The sixth paragraph contains the life estate of the farm to Chester and his first wife, Thelma. The residuary of the estate is left to his daughter and son, share and share alike (7th paragraph). The last two paragraphs (8th and 9th) appoint his son, Chester, executor and empower him to sell real estate in his sole discretion. Such a family-oriented will expresses a dominant purpose or plan of distribution to the testator's lineal descendants. Significantly, the testator expressed the intent that his son's wife have no more than a life interest in the farm. Upon the death of his son or daughter-in-law, whichever occurred later, the fee interest was to go to the testator's heirs, i.e., his blood relatives. To permit Emma Symonds, the son's second wife, to acquire a greater interest than that bequeathed to testator's son and first wife would clearly frustrate the testator's intent.

Moreover, "where a will is capable of two interpretations, the one should be adopted which prefers persons of the testator's blood" (64 NY Jur, Wills, § 568; see, also, 7 Warren's Heaton, Surrogates' Courts [6th ed] § 21, par 1); and where a sympathetic reading of the will demonstrates such a preference for blood relatives, then all parts should be construed to effectuate that plan (Matter of Larkin, 9 NY2d 88, 91-92).

While "heirs" who are to receive a remainder interest are usually ascertained as of the testator's death because the law favors early vesting *(Matter of Bump,* 234 NY 60, 64; see, also 64 NY Jur, Wills, § 720), this rule is not followed when the testator expresses a contrary intention *(Matter of Bump, supra,* p 65; *Matter of Sayre,* 1 AD2d 475, 478, affd 2 NY2d 929; *Matter of Wilson,* 269 App Div 665, affd 294 NY 903). Nor is it necessarily followed when the "class of remaindermen include the life beneficiary" (7 Warren's Heaton, Surrogates' Courts, [6th ed], § 17, par 1, p 6-103), particularly where, as here, the life tenant has no issue. Thus, in *Matter of Nebe* (155 Misc 392), the court held that a bequest to the testator's wife for life, remainder to his "heirs" required "heirs" to be ascertained as of the wife's death, so as to exclude her from the class of "heirs". The postponement of vesting in this case eliminates the claim of the estate of Chester G. Symonds to any interest in the farm property.

Appellant has raised two other arguments that require comment. One relates to the legal principle that one may have an interest in property as a life tenant and also be a remainderman *(Matter of Roth,* 234 App Div 474; *United States Trust Co. v Taylor,* 193 App Div 153, affd 232 NY 609). This principle was recognized by the acting Surrogate who properly concluded that it has no application to this will. The other point raised by appellant was that the acting Surrogate considered matters contained in Leon Ramsey's petition and supplemental petition which were not in evidence. The statements contained in these papers were improperly considered and alluded to in the determination appealed from. Generally, the intention of a testator must be revealed in the language of the will *(Matter of Tamargo,* 220 NY 225). Extrinsic evidence as to testamentary intent is inadmissible in the absence of an ambiguity in the language used in the will. Where such an ambiguity exists, the court may also consider the position of the testator at the time he executed the will—the condition of his family, and his relationship with them; the nature and extent of his property and matters of that character (7 Warren's Heaton, Surrogates' Courts, [6th ed], § 17, par 1). In view of the fact that appellant has urged

that this court "interpret the language of the Will and render its own decision", we have proceeded to do so without consideration of the statements contained in respondent's petition and supplemental petition.

The order should be affirmed in accordance with this opinion.

DILLON, P. J., SIMONS, SCHNEPP and DOERR, JJ. concur.

Order unanimously affirmed, without costs.