■ In the Matter of the Estate of VICTOR B. COOPER, Deceased. JUDITH D. COOPER, Respondent; WILLIAM WALKER, as Executor and Trustee of the Estate of VICTOR B. COOPER, Deceased, Appellant.—Casey, J. Appeal from a decree of the

Surrogate's Court of Otsego County (Kepner, Jr., S.), entered July 18, 1990, which construed decedent's will.

Petitioner and decedent were married on March 31, 1984. Decedent had six children by four prior marriages with whom, except for the parties hereto, we are not concerned. This was petitioner's only marriage and she has no children of her own. Petitioner and decedent separated May 1, 1988 and divorce proceedings were instituted by decedent on July 21, 1988. A temporary order of protection prevented decedent from visiting the "primary residence" at 12 Lake Street in the Village of Cooperstown, Otsego County, where decedent's 16-year-old son Jason resided with petitioner, who had been appointed Jason's legal custodian due to decedent's partial neglect of Jason. Decedent died, testate, on August 18, 1989 before the divorce had been finalized. His will, dated June 22, 1988, was executed approximately two months after his separation from petitioner. The will contained a minor bequest to a son of a former marriage and made no provision for the remaining children living at the time, except for Jason and Melissa, who is now an adult daughter of decedent and presently living in New York City. In paragraph "fourth" of decedent's will certain residential occupancy rights of petitioner are provided, as required by an antenuptial agreement between the two. The appellant here is the executor and testamentary trustee of decedent (hereafter executor). Attorney Robert Birch appears as the guardian ad litem of Jason.

This appeal involves and is limited to the construction that the Surrogate's Court imposed on paragraph "fourth" of decedent's will; it is now generally agreed that all parties consented to submitting the construction of paragraph "fourth" of the will to Surrogate's Court, and the court summarily construed the provisions of that paragraph from the language used therein and from the surrounding circumstances, without holding an evidentiary hearing.

Paragraph "fourth" of the will provides: "If at the time of my death, myself and [petitioner] (my present wife) are married and living primarily in a residence owned by me (the Primary Residence as defined in a certain antenuptial agreement executed and acknowledged by myself and my said wife [petitioner] on March 26, 1984) [petitioner] may occupy the primary residence during her lifetime so long as she shall not remarry, provided that my children who are age twenty-five (25) or younger, and their grandmother, Klasina Behmenburg, may also occupy the primary residence. During such period as the said children occupy that residence, * * * they (or trusts

for their benefit) shall pay the cost of repairs, taxes, assessments, fire and public liability insurance, mortgage amortization and interest and all other carrying charges in connection with the said primary residence. Thereafter, [petitioner] shall (unless otherwise provided in this Will) be responsible for those expenses, though she may surrender her right to occupy the property at any time, and her liability shall then cease." The residuary estate is bequeathed to the executor for the purpose of establishing two trusts; one representing 20% of the residuary estate for the benefit of Melissa, the other 80% of the residuary estate for the benefit of Jason. The will was admitted to probate on March 22, 1989.

The construction concluded by Surrogate's Court of paragraph "fourth" is the one that was urged by petitioner, Jason, Jason's guardian ad litem and the legatee Melissa. This construction permits the sale of the primary residence at 12 Lake Street in Cooperstown, since it is presently in need of costly repairs, and provides that 80% of the net proceeds of that sale be invested in a residence to be selected by Jason and petitioner, his custodian, near Jason's boarding school in Connecticut, with title in the name of the testamentary trust until Jason attains his 21st birthday, when title would be transferred to him. Petitioner is allowed to live at the purchased residence only as long as she is the legal custodian of Jason, since she has waived any marital rights that might have accrued to her and she is not a legatee under the will. The trust for the benefit of Jason is required to pay the expenses of the property until Jason reaches 21 years of age. This construction is claimed by its supporters to further the intent of the decedent to provide a residence for his son Jason in a community consistent with Jason's best interest, as gleaned from paragraph "fourth" of the will.

The executor opposes this construction as improper and unwarranted, claiming that paragraph "fourth" contains certain conditions precedent to its effectiveness and that those conditions have not been and now cannot be fulfilled. The executor also reasons that the intention of decedent is defied, not furthered, by permitting the purchase of a home on behalf of Jason when he is and will continue to be engaged in a year-round cycle of live-in boarding school and live-in summer camp, which allows him only about one month a year of "home time". According to the executor, the proper construction would be to divide the net proceeds of the sale of the primary residence between the two residuary trusts with 80% going into Jason's trust (20% to Melissa's trust), leaving it to

the discretion of the executor to provide for Jason's care and needs.

It is our view that the construction of Surrogate's Court is proper and should be affirmed. The overriding intent of decedent, which is the primary concern in will construction cases *(Matter of Symonds,* 79 AD2d 24), is to provide a home for his two children, Melissa and especially Jason who is obviously the preferred beneficiary (80% of the residuary trust). The court concluded that the intent of decedent, derived from the wording of paragraph "fourth" of the will and the attendant circumstances, will be furthered by allowing the sale of the present primary residence at 12 Lake Street and the purchase of a new residence which shall be held in trust for Jason, and located near Jason's school in Connecticut. Petitioner is permitted to occupy the premises as long as she remains Jason's legal custodian. All interested parties, except the executor, agree with this construction and we find no reason to disturb the discretion exercised by the Surrogate's Court.

Since petitioner did not appeal from the decree, we do not pass on her claim that the decree should be modified to provide her with additional relief.

Decree affirmed, with costs to petitioner. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.