John D. Bennett, S.
The court has before it the petition of George Perkins and Harold Perkins to compel the executrix to pay the balance of certain cash legacies, and to issue the stock in a corporation to be created as directed by paragraph Thirteenth of the will of the decedent, and to transfer the assets of a retail drug business to such corporation. The court also has before it the petition of the executrix for the construction of the will in respect to certain aspects of the formation of the corporation directed to be created by paragraph Thirteenth of the will. As these petitions deal with related subject matter, they are consolidated by the court.
The decedent, by paragraph Eighth of the will, bequeathed to George Perkins the sum of $1,000, and by paragraph Ninth bequeathed to Harold Perkins the sum of $500. The executrix has paid George $600 and Harold $300 on account. The executrix alleges that if the estate and transfer tax returns are accepted as filed, each of the legatees will be obligated, under the terms of the will, to contribute approximately 31% of their gross legacies for taxes. Since the determination of the estate taxes is now pending, the court will not grant the relief requested by George Perkins and Harold Perkins to compel the payment of the balance of their cash legacies at this time, without prejudice, however, to a subsequent application.
Paragraph Thirteenth of the will (first subparagraph) recites that the decedent conducted a retail sole proprietorship for many years under the name of ‘ ‘ C. O. Croft & Co. ’ ’ and has ‘ ‘ been aided immeasurably by the loyalty and efficiency of my employees, especially george pbrkins and harold perkins. In order to reward them for their many years of attention to my interests, I make the following provisions regarding the said business ”.
The second subparagraph directs the executrix “ As soon as practicable after my death” to cause the said business to be incorporated, and to transfer all assets of the business to the corporation. It further directs the stock to be issued to and delivered to: George Perkins, 50%; Harold Perkins, 25%; Dr. Maryland Byrne (the executrix), 25%.
The third subparagraph requires the new corporation to assume all the indebtedness of the said business and all costs of the incorporation. This direction continues with this sentence, which appears to be the crux of the dispute: “I give to my *379 said Executrix full power, authority and discretion to determine the particulars of incorporation, including the kinds and classes of stock to be issued and to make all such determinations that may be necessary with respect to such incorporation.”
The fourth and fifth subparagraphs give the executrix power to continue the business until it is incorporated, and to require such security from the corporation as she may deem necessary to protect creditors.
The decedent died on May 9, 1962, and letters were issued on May 22, 1962. Previous counsel to the executrix formed a corporation known as “ Croft’s Glen Cove, Inc.” by certificate filed with the Secretary of State on July 23, 1962. However, the executrix has refused to transfer the said business assets to this corporation and to issue and deliver the stock.
The executrix asks the court to construe paragraph Thirteenth of the will, particularly that portion which states that she is given “full power, authority and discretion to determine the particulars of incorporation, including the kinds and classes of stock to be issued and to make all such determinations that may be necessary with respect to such incorporation ”, as authority for her to include in a new or amended certificate of incorporation certain provisions contained in section 9 of the Stock Corporation Law (Business Corporation Law, §§ 616, 709, effective Sept. 1, 1963). These provisions would require (a) that all directors must be present to constitute a quorum; (b) that the number of votes of directors necessary to transact business shall be that of all of the directors; (c) that all stockholders must be present in person or by proxy to constitute a quorum; and (d) that the number of votes of stockholders necessary to transact business shall be that of all of the stockholders.
The executrix claims that unless she is given the protection of these provisions, she will be a minority stockholder, and will be subject to being “ squeezed out ” by the remaining stockholders.
The executrix cites Boyle v. Boyle & Co. (136 App. Div. 367, 373, affd. 200 N. Y. 597) for the proposition that when the testator directed the creation of a corporation ‘ ‘ he meant a legal entity coming into being as the statute directed (underlining supplied), and then concludes that since section 9 of the Stock Corporation Law was in effect at the time he executed his will, and he gave her full power, authority and discretion to determine the particulars of incorporation, “ it must have been his intention ” to give her the choice of the kind of corporation she might form.
Section 9 of the Stock Corporation Law is a permissive statute and permits, upon compliance with this statute, the inclusion of restrictions in the certificate of incorporation requiring greater *380 than a majority or plurality vote of directors and stockholders. The intent of the section is to allow the stockholders to restrict corporate control for their mutual benefit, and of necessity these restrictions must either be agreed to by the parties in interest, or must be found in the directions contained in the will. George and Harold Perkins obviously are not consenting to such restrictions upon their voting rights, and such directions, if any, must appear from the testator’s intent (Matter of Chalmers, 264 N. Y. 239) as expressed by the words within the confines of the will (Matter of Durand, 250 N. Y. 45, 54).
The directions given the executrix to determine the particulars of incorporation and the kinds and classes of stock, and to make all determinations necessary to incorporation, are general instructions for the formation of a stock corporation, and in no sense can they be construed to limit or restrict the rights of those who receive the stock. Had the testator so intended, he could have included words restricting the stockholders’ control. The fact that the Stock Corporation Law contains a permissive section to this effect cannot be deemed a mandate on the testator’s intent. The testator directed a corporation to be formed and the stock thereof to be distributed. This distribution was to be in the proportions as set forth in the will, and these proportions would prevail equally as to all kinds and classes of stock that might be issued. The fact that the testator directed a minority interest to be delivered to the executrix individually is undoubtedly disappointing to her, but in the absence of explicit language in the will, she must be content with her legacy. To determine otherwise would be to give the executrix individually equal rights in the corporation except for her percentage of interest in the capital and earnings thereof.
Since the inclusion in the certificate of incorporation of the desired provisions allowed by section 9 of the Stock Corporation Law would materially affect the rights of the stockholders, in the absence of an express direction to that effect in the will, this court holds the general powers of direction do not authorize her to include in the certificate of incorporation any of the provisions of section 9 of the Stock Corporation Law.
The court directs that within 10 days following service upon her attorney of a copy of the decree to be signed herein, the executrix turn over the assets of the sole proprietorship to the corporation heretofore formed under the name of “ Croft’s Glen Cove, Inc.”, and that she issue and deliver the stock in said corporation to the legatees entitled thereto according to the directions contained in the will.