■ In the Matter of the Estate of JAMES E. BURNS, Deceased. GEORGE PERKINS et al., Respondents; MARYLAND BYRNE, as Executrix of JAMES E. BURNS, Deceased, Appellant.— In a proceeding by George Perkins and Harold Perkins, two legatees under the decedent's will, to compel the executrix: (a) to pay to them the balance of their cash legacies; and (b) to issue to them stock in a corporation, Croft's Glen Cove, Inc., formed by her prior attorney after the decedent's death, pursuant to the Thirteenth paragraph of the will, in order to take over all the assets of the decedent's retail drug business and to operate it, in which proceeding the executrix filed a cross petition to construe said paragraph Thirteenth so as to authorize her to include in the certificate of incorporation of said corporation certain of the provisions contained in section 9 of the former Stock Corporation Law [now Business Corporation Law, §§ 616, 709], the executrix (who is also a specific and residuary legatee) appeals from so much of a decree of the Surrogate's Court, Nassau County, entered November 4, 1963 upon the court's written decision, as adjudged that "the general powers granted· to the executrix" in said paragraph Thirteenth of the will "do not authorize her to include" any of such statutory provisions (former Stock Corporation Law, § 9) in said certificate of incorporation and as directed her to transfer said assets to the corporation and to issue and deliver its stock to those legatees entitled thereto. [See 40 Misc 2d 377.] Decree, insofar as appealed from, affirmed, with costs to all parties filing separate briefs payable out of the estate. The time of the executrix to comply with the directions contained in the final decretal paragraph of the decree is extended until 30 days after entry of the order hereon. Beldock, P. J., Ughetta, Brennan and Hill, JJ., concur; Kleinfeld, J., dissents and votes to reverse the decree insofar as appealed from, to deny the Perkins' petition, and to grant the executrix' cross petition, with the following memorandum: Paragraph thirteen of the decedent's will empowered the executrix " to determine the particulars of incorporation, including the kinds and classes of stock to be issued, and to make all such determinations that may be necessary with respect to such incorporation." In my opinion, by virtue of

this testamentary power the executrix had the right to include in the certificate of incorporation any of the provisions authorized by the former statute (Stock Corporation Law, § 9; now Business Corporation Law, §§ 616, 709). The decedent's obvious intent in conferring such specific unqualified powers upon the executrix was *to enable her* to protect the interest of minority stockholders, including her own minority interest. (For decision of Surrogate, see 40 Misc 2d 377.)